BEAR RIVER VALLEY IMPLEMENT CO. v. JENSEN.

No. 3857.   Decided December 12, 1922.   (211 Pac. 186.)

1. APPEAL AND ERROR—FINDINGS ON CONFLICTING EVIDENCE SUBSTANTIALLY SUPPORTED ARE NOT REVIEWABLE. Findings on conflicting evidence substantially supported are not reviewable on appeal.[1]

2. APPEAL AND ERROR—FINDINGS OF THE COURT BEYOND THE ISSUE HELD NOT PREJUDICIAL. A finding of the court that defendant led plaintiff to believe that certain orders for the payment of

[1] *In re Frandsen's Will*, 50 Utah, 156, 167 Pac. 362.

money would be paid, though beyond the issues of the case, *held* not prejudicial.[2]

3.   APPEAL AND ERROR—OMITTING FINDING ON ISSUE NOT REVERSIBLE ERROR WHERE OTHER FINDINGS INDICATE IT WOULD HAVE BEEN ADVERSE. Failure on the part of the court to make a finding as to whether plaintiff's claim came within the statute of frauds *held* not reversible error where those findings made indicated that the omitted finding would necessarily have been adverse to defendant.[3]

Appeal from District Court, First District, Box Elder County; *A. A. Law,* Judge.

Action by the Bear River Valley Implement Company against Hyrum Jensen. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Wm. J. Lowe,* of Brigham City, for appellant.

*LeRoy B. Young,* of Brigham City, for respondent.

WEBER, J.

This action was brought by respondent against appellant to recover on an open account for goods sold to W. H. Cash, as agent for appellant, Hyrum Jensen. The trial was before the court without a jury. The principal finding of fact made by the court was:

"That between the 1st day of January, 1919, and the 1st day of November, 1920, the plaintiff sold and delivered to defendant's agent, W. H. Cash, at defendant's special instance and request, goods, wares, and merchandise of the value of $832, and for which defendant promised and agreed to pay to plaintiff upon the presentment of orders signed by defendant's agent, W. H. Cash, the said sum of $832 as soon as said orders were presented; that from time to time between the 1st day of January, 1919 and the 1st day of November, 1920, plaintiff presented to defendant written orders

[2] *Mills* v. *Gray,* 50 Utah, 224, 167 Pac. 358.

[3] *Snyder et al.* v. *Allen et al.,* 51 Utah, 291, 169 Pac. 945.

signed by said W. H. Cash directing the defendant to pay to plaintiff the various amounts due and owing at the. time said orders were presented, and that defendant received. said orders and did not notify plaintiff that he would not pay the same, and defendant, by his conduct, led plaintiff to believe that said orders would be paid by defendant; that defendant did not pay the same except the sum of $276.34, leaving a balance due and owing plaintiff from defendant of $555.66."

No finding of fact was made on appellant's affirmative defense to the effect that any sales made were between the plaintiff and W. H. Cash in person, and not as the agent of defendant, and that any agreement by defendant to pay plaintiff was not in writing, and therefore void by virtue of subdivision 2, § 5817, C. L. Utah 1917, which is:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith:

\*        \*        \*        \*        \*        \*

"2. Every promise to answer for the debt, default, or miscarriage of another."

Every element of the findings of fact is assailed by appellant, and it is assigned as error that the evidence is not sufficient to warrant what the court found. The evidence was conflicting. It has been repeatedly held by this court that, when there is a conflict of evidence, and there is substantial evidence to support the judgment of the trial court in a law case, the evidence is not reviewable. *In re Frandsen's Will*, 50 Utah, 156, 167 Pac. 362. Not only did the the plaintiff present substantial evidence to sustain the result arrived at by the trial court, but the preponderance of the evidence supports the findings of the trial court.

It is also charged that the court departed from the allegations of the complaint and extended the findings of fact beyond the issues.

The part of the findings specifically objected to by appellant is that defendant by his conduct led plaintiff to believe that certain orders for the payment of money would be paid by defendant. If this finding is beyond the issues, it still is, at most, mere surplusage, the omission of which would in

no manner change the conclusions of law or in any manner affect the judgment. The mere fact that findings are expanded beyond the issues is not prejudicial to defendant. *Mills* v. *Gray*, 50 Utah, 224, 235, 167 Pac. 358.

Was it substantial or reversible error to omit a finding upon the issue whether defendant's agreement with plaintiff was within the statute of frauds? From the findings of fact made by the court the conclusion follows that on the affirmative issue pleaded in the answer the finding would necessarily have been adverse to the defendant, and therefore the failure to find on this issue is not prejudicial to defendant and does not constitute reversible error. *Synder et al.* v. *Allen et al.*, 51 Utah, 291, 169 Pac. 945.

The judgment is affirmed.

CORFMAN, C. J., and GIDEON, THURMAN and FRICK, JJ., concur.