### SNYDER et al. v. ALLEN et al.

No. 3110.   Decided December 21, 1917.   (169 Pac. 945.)

1. TRIAL—FINDINGS—DUTY TO MAKE.  The trial court erred in not finding upon material issues presented by defendant's answer and counterclaim, although no sufficient evidence was offered by defendants in support thereof.[1]  (Page 292.)

2. APPEAL AND ERROR—REVERSAL—FAILURE TO MAKE FINDINGS—HARMLESS ERROR.  Although the trial court erred in not making findings upon all the material issues, where it appears that no findings other than in support of the judgment would have been permissible, the judgment will be affirmed in view of Comp. Laws 1907, section 3285, providing that no exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting, and section 3008, providing that the court must, in every stage of an action, disregard any error or defect which does not affect the substantial rights of the parties.[2]  (Page 293.)

Appeal from District Court of Carbon County, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by R. A. Snyder and another against Frank Allen and another.

[1] *Dillon Imp. Co.* v. *Cleaveland,* 32 Utah 1, 88 Pac. 670; *Everett* v. *Jones,* 32 Utah 491, 91 Pac. 360.

[2] *Sheppick* v. *Sheppick,* 44 Utah 137, 138 Pac. 1169; *Madsen* v. *Utah L. & Ry. Co.,* 36 Utah 528, 105 Pac. 799; *Hogge* v. *S. L. & O. Ry. Co.,* 47 Utah 266-294, 153 Pac. 585.

From a judgment for plaintiffs and from an order denying motion for a new trial. Defendants appeal.

AFFIRMED.

*C. S. Price* for appellants.

*Thomas Fouts* for respondents.

CORFMAN, J.

Plaintiffs brought this action in the district court of Carbon County to recover a money judgment against the defendants under the terms of a written lease of farm lands situated near Wellington, Utah. The complaint was in the usual form of actions on contract alleging a balance due and owing the plaintiffs from the defendants in the sum of $550, for which plaintiffs prayed judgment. The defendants' answer, in substance, admitted the entering into of the contract; denied any balance was due or owing the plaintiffs thereon; affirmatively alleged fraud and misrepresentation on the part of the plaintiffs to the injury of defendants whereby they had sustained damages in the sum of $420, for which they prayed judgment by way of counterclaim. A reply was filed. Trial was to the court without a jury. Judgment was for the plaintiffs. Motion for a new trial was made and denied. Defendants appeal.

The appeal is on the judgment roll. The only error relied on by defendants is the failure of the trial court to find upon all the issues presented by the pleadings.

Notwithstanding the answer and counterclaim of the defendants presented material issues, no sufficient evidence was offered by defendants in support of them, and the only finding of the trial court was:

"That all of the material allegations of the amended complaint are true and sustained by testimony free from all legal exceptions as to its competency, admissibility, and sufficiency."

That the trial court committed error in failing to find upon

all the material issues thus presented by the pleadings is certain. *Dillon Imp. Co.* v. *Cleaveland*, 32 Utah, 1, 88 Pac. 670; *Everett* v. *Jones*, 32 Utah, 491, 91 Pac. 360.

While the appeal is taken upon the judgment roll, the attorneys for the respective parties have brought here a transcript of the testimony adduced at the trial in support of the allegations of the answer and counterclaim of the defendants, and have stipulated that:

The same "may be read and considered by the Supreme Court on the appeal of said cause to the same extent and for the same purpose as if the entire testimony as introduced and as contained in a bill of exceptions might be used had a bill of exceptions containing all of the evidence introduced in said cause been prepared, settled, and allowed."

We have therefore reviewed the evidence set forth in the said transcript and, after doing so, are fully convinced that had the trial court made findings on all the material issues presented by the answer and counterclaim, in view of the testimony in support thereof, no finding would have been permissible other than in support of the judgment as rendered by the trial court. Therefore, while the failure of the trial court to find upon all the material issues presented by the pleadings was clearly error, the error, as we view the record before us, did not affect any substantial right of the defendants, and this court will not reverse the judgment where the error thus excepted to and complained of resulted in no prejudice to the defendants. Comp. Laws Utah 1907, section 3285, provides:

"No exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting."

Again, section 3008 provides:

"The court must in every stage of an action disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

See *Sheppick* v. *Sheppick*, 44 Utah, 137, 138 Pac. 1169; *Madsen* v. *Utah L. & Ry. Co.*, 36 Utah, 528, 105 Pac. 799;

*Hogge* v. *S. L. & O. Ry. Co.*, 47 Utah, 266-294, 153 Pac. 585; 4 C. J. section 2878 H, p. 908.

It is therefore ordered that the judgment of the district court be affirmed. Costs to respondents.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.