HALL et al. v. SABEY.

No. 3537.   Decided June 9, 1921.   (198 Pac. 1110.)

1. APPEAL AND ERROR—TRIAL COURT'S FINDINGS HELD CONCLUSIVE ON APPEAL. Trial court's findings on conflicting evidence on the issue of fraud *held* binding on the Supreme Court.

2. CORPORATIONS—CONSIDERATION FOR NOTE HELD IN ISSUE RENDERING IT NECESSARY TO FIND THEREON. Where in an action on a note the answer set up that the sole consideration for the note was a certificate of stock purporting to be signed by the president and secretary of the corporation, but not so executed and signed, in addition to an answer alleging fraudulent representations inducing the execution of the note, the consideration was a material issue rendering it error for the trial court to fail to find thereon.[1]

3. APPEAL AND ERROR—FAILURE TO FIND ON AN ISSUE HELD PREJUDICIAL ERROR. Where in a suit on a note the answer alleged that it was induced by false representations, and also alleged that the note was executed in payment of a certificate of stock of a corporation, and that it purported to be signed by the president and secretary of such corporation, but was not in fact so signed and executed, the issue thereby presented was so material that failure to find thereon required reversal and was not within Comp. Laws 1917, §§ 6622, 6968, authorizing disre-

---

[1] *Implement Co.* v. *Cleaveland,* 32 Utah, 6, 88 Pac. 671; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564; *Snyder* v. *Allen,* 51 Utah, 291, 169 Pac. 945.

Hall v. Sabey, 58 Utah 343

gard of errors and exceptions not affecting a substantial right.[2]

4. ` APPEAL AND ERROR—COURT MAY REMAND FOR NEW TRIAL INSTEAD
   OF NEW FINDINGS WHERE THE TRIAL JUDGE IS OUT OF OFFICE.
   Though Comp. Laws 1917, § 6995, would authorize the Supreme
   Court to remand a case to the district court to make findings on
   an issue upon which none were made, notwithstanding the trial
   judge was no longer in office, yet the court may in its discre-
   tion remand the cause for the hearing of further evidence and
   new trial in such case where there was a sharp conflict in the
   evidence, and the Supreme Court deems it best that the court
   whose duty it is to make the findings should hear the witnesses.

5. CORPORATIONS—OBLIGOR HELD NOT BARRED BY LACHES FROM SET-
   TING UP FRAUDULENT REPRESENTATIONS AND DENYING CONSIDER-
   ATION OF NOTE FOR STOCK. Where a note for stock was in the
   hands of the original payee, and, though executed in March,
   1918, due seven months thereafter, was not sued on until June,
   1919, the obligor was not barred by laches from setting up fraud-
   ulent representations and denying the consideration where he
   alleged that he only recently ascertained the facts; the payee
   not being prejudiced.

Appeal from District Court, Third District, Salt Lake
County; *John F. Tobin*, Judge.

Action by Ernest Hall and another, doing business as the
Kolby Wheel Agency Company, against James Sabey. From
judgment for plaintiffs, defendant appeals.

REVERSED, and a new trial granted, with costs to appellant.

*Hutchinson & Hutchinson*, of Salt Lake City, for appel-
lant.

*Stewart, Stewart & Alexander*, of Salt Lake City, for re-
spondents.

GIDEON, J.

[2] *Sheppick* v. *Sheppick*, 44 Utah, 137, 138 Pac. 1169; *Madsen* v.
*U. L. & Ry. Co.*, 36 Utah, 528, 105 Pac. 799; *Hogge* v. *S. L. & O. Ry.
Co.*, 47 Utah, 266, 153 Pac. 585.

The complaint in this action is in the usual form to re-cover a money judgment upon a promissory note. The note was executed by the defendant; plaintiff was the payee. The answer admits the execution of the note, but denies that it was given for value and denies the indebtedness. As an affirmative defense, fraudulent representations are alleged, and also that such representations were relied upon by the defendant and induced him to execute the note. By an amendment to the answer, it is further set out that the cer-tificate of stock, the sole consideration for the note, and which purported to be signed by the president and secretary of the Kolby Wheel Company, a corporation, was not exe-cuted and signed by said president and secretary, nor was the corporate seal affixed by the secretary, and that all such facts were known to the plaintiff at the time such stock was delivered to defendant.

It is further alleged that the plaintiff represented that he had authority to sell and deliver the certificate of stock in question.

There was much testimony, both on the part of the plain-tiff and of defendant, respecting the allegations of fraud. The court made findings on such contradictory testimony, finding all the issues of fraud against the defendant, and affirmatively found that the plaintiff made no false state-ments or representations which induced the defendant to subscribe for and buy the stock in question. We are not required to express an opinion upon the weight of the evidence. It is sufficient to say that there was sub-stantial testimony to support the court's findings upon the defense of fraud. As there was conflicting evidence on the issue of fraud, the findings upon such issues are binding upon this court.

The court made no findings on the issue made by the amendment to the answer, namely, that the certificate of stock was not executed by the officers of the Kolby Wheel Company, nor upon the further issue that the person who signed the names of such officers to the certificate had or had not been authorized so to do. It is argued upon the part of

plaintiffs, respondents, that findings upon such issues were immaterial, as the issues went to the question of consideration for the note, and it is insisted that no issue as to want of consideration is made by the answer.

We are unable to agree with counsel for plaintiff in that contention. It is admitted that the certificate of stock was the consideration, and the only consideration, for the note in question. If therefore, the certificate was issued without authority from the officers of the corporation purporting to issue such stock, it could not be legally binding upon such corporation unless it was subsequently ratified. It is testified to by witnesses for plaintiff that neither the president nor secretary of the corporation signed the certificate. It is also stated that plaintiff Ernest Hall signed the name of the president and secretary to the certificate. It is claimed on his part that he had authority and was authorized by the president to execute the certificate and to attach his name to the same. This is denied by the president of the Kolby Wheel Company, and therefore became a disputed fact in the case. While it is doubtless true that any finding made by the court could not and would not be binding upon the corporation in a suit between the holder of that stock and such corporation, nevertheless, when the question is made an issue, and an affirmative allegation is contained in the answer that the certificate was not a binding certificate on the corporation, it then became a material question in the case and one upon which the court should have made findings. "The defendants were entitled to distinct   2 findings upon every material issue made by the pleadings, and, unless waived, it was the duty of the court to make such findings, regardless of any request of the parties." *Implement Co.* v. *Cleaveland,* 32 Utah, 6, 88 Pac. 671. See also, *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564; *Synder* v. *Allen,* 51 Utah, 291, 169 Pac. 945.

It has been determined by numerous decisions of this court that the failure to make findings upon immaterial issues, or issues which would not affect the judgment of the court,

is not ground for reversal. Such, in fact, is the statute. Comp. Laws Utah 1917, §§ 6968 and 6622. See, also *Sheppick* v. *Sheppick*, 44 Utah, 137, 138 Pac. 1169; *Madsen* v. *U. L. & Ry. Co.*, 36 Utah, 528, 105 Pac. 799; *Hogge* v. *S. L. & O. Ry. Co.*, 47 Utah, 266, 153 Pac. 585; 4 C. J. § 2878H, p. 308. But, as we have attempted to point out, the question as to whether this certificate is a binding obligation on the part of the corporation purporting to have issued it is a material question and goes to the very crux of whether there was any consideration for the note sued upon. It is self-evident that, if the court had found that the certificate of stock was not a binding obligation on the part of the corporation, then there was no consideration for the note. We are therefore of the opinion that the lower court should have made finding upon the issues made by the answer, as above indicated, and failure to do so was prejudicial to the appellant and of necessity works a reversal of the cause.

This court could, under authority of Comp. Laws Utah 1917, § 6995, send the case back to the district court to make findings upon this issue, but, as the district judge who tried this case is no longer in office, it is not advisable to refer the case back for additional findings upon the testimony taken at the trial. We do not wish to be understood as holding, nor do we intend to hold, that in every case in which the term of office of the judge trying the case has terminated this court could not, or would not, send the case back for additional findings upon the testimony taken. It may well be that there might be but little dispute in the testimony, and the court could readily arrive at findings upon the issues of fact. In this case, however, there is a sharp conflict in the testimony, and the court whose duty it is to find the facts should hear, and is entitled to hear, the witnesses testifying in order to observe their demeanor, their means of information, their interest in the result, and such other information as courts can only get from hearing and seeing the witnesses during the time of taking the testimony.

The plaintiff, in replying to the amended answer, alleges certain facts which it is claimed constitute laches on the part of defendant, and that by reason of such facts defendant is estopped from now denying the consideration for the note, as well as the fraudulent representations claimed to have been made at the time of its execution.

This note was executed in March, 1918, and became due by its terms seven months thereafter. No suit was instituted to collect the same until some time in June, 1919. It is claimed in the answer, and testified to by the defendant, that he did not learn of the false and fraudulent representations alleged to have been made by plaintiff until the early part of 1919, and that he did not ascertain or learn of the fact that the certificate of stock had not been executed by the proper officers of the corporation, and that their names had been signed to the same without authority, until after the institution of this action.

As indicated, the plaintiff is the payee of the note. He has been deprived of no evidence by lapse of time. Nothing has occurred to his injury which would in any way deprive him of proving his cause of action or the collection of the judgment, if he is entitled to have one awarded in his favor. There is nothing in the evidence presented by this record which should estop defendant from making any defense he may legally have against a judgment being entered against him.

The judgment is reversed, and a new trial granted; appellant to recover costs.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.