PETTY et al. v. ST. GEORGE GARAGE CO.

No. 3751.   Decided April 25, 1922.   (206 Pac. 720.)

1. TRIAL—TRIAL COURT MUST MAKE FINDINGS ON MATERIAL ISSUES. In an action by sellers of a tractor against the buyer for the purchase price, an answer denying purchasing the tractor and setting up a counterclaim for wrongful attachment of defend-

ant's property raised a material issue, and, in absence of a waiver of findings, it was the duty of the trial court to make findings thereon.[1]

2.  APPEAL AND ERROR—FAILURE TO MAKE FINDINGS NOT A GROUND FOR REVERSAL WHEN NOT PREJUDICIAL TO LOSING PARTY. Under Comp. Laws 1917, §§ 6622, 6968, forbidding reversals for technical errors, judgment of a trial court will not be reversed because of its failure to make a finding in a case in which the record shows that if a finding had been made it would have been against the complaining party.[2]

3.  PLEADING—FAILURE TO RULE ON A MOTION TO STRIKE HELD ERROR. In an action by the seller of a tractor against the buyer for the purchase price, in which plaintiff moved to strike an affirmative defense set up as a counterclaim alleging damages from wrongful attachment of defendant's goods, the trial court should have indicated whether it ruled on the motion to strike.

Appeal from District Court, Fifth District, Washington County; *J. H. Erickson,* Judge.

Action by C. B. Petty and another against the St. George Garage Company. From judgment for plaintiffs, defendant appeals.

REVERSED AND REMANDED, with directions.

*L. H. Morris,* of St. George, and *Stewart, Stewart & Alexander,* of Salt Lake City, for appellant.

*George R. Lund,* of St. George, and *K. K. Steffensen,* of Salt Lake City, for respondents.

CORFMAN, C. J.

Plaintiffs, as copartners, brought suit against the defend-

---

[1] *Implement Co.* v. *Cleveland,* 32 Utah, 6, 88 Pac. 670; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564.

[2] *Snyder* v. *Allen,* 51 Utah, 291, 169 Pac. 945; *Hall* v. *Sabey,* 58 Utah 343, 198 Pac. 1110.

ant, a corporation, to recover the purchase price of a Fordson tractor. It is alleged by the complaint that the plaintiffs sold and delivered the tractor to the defendant on the 4th day of January, 1921, for the agreed price of $892.26, and that defendant has refused to pay for the same, although said sum is now due and owing to the plaintiffs from the defendant therefor.

The defendant, by its answer, denied having purchased the tractor from the plaintiffs. As an affirmative defense, and also by way of counterclaim, defendant alleged that on November 27, 1290, and for several years prior thereto, defendant held the agency of the Ford Motor Company in the St. George territory and that, owing to the defendant's refusal to receive from said Ford Motor Company a certain tractor that had been shipped to the defendant without its order, said agency was terminated and given to the plaintiffs upon the condition that they purchase the said tractor; that thereafter the Ford Motor Company reconsidered its action in terminating said agency with the defendant and offered to restore said agency to it upon certain conditions, one of which was that the defendant purchase from and receive at the hands of the plaintiffs the said Fordson tractor; that defendant was unable to meet all the conditions required of it in order to be restored to said agency, and therefore defendant refused to purchase said tractor from the plaintiffs; that thereupon plaintiffs brought this action and sued out a writ of attachmen and wrongfully caused certain property of defendant to be attached, by reason of which defendant suffered damages in the sum of $350, for which defendant prayed judgment against the plaintiffs.

Plaintiffs moved to strike the affirmative matters set forth in the defendant's answer and counterclaim, and also filed a reply thereto in effect denying the material allegations thereof.

Upon a trial of the case to the court without a jury, the issues were found in plaintiffs' favor. No findings were made by the trial court, however, upon the matters alleged in the counterclaim of the defendant. Judgment was entered

against the defendant for the price of said tractor, interest, and costs. Defendant has appealed. As grounds for reversal of the judgment, errors are assigned as follows: Insufficiency of the evidence to support the findings and conclusions of the trial court and the judgment thereon, and that the same are contrary to law; the striking out of certain paragraphs of defendant's answer and counterclaim; failing and refusing to find on all the material issues presented by the pleadings; and the court's refusal to grant the defendant's motion for a new trial.

The evidence was in sharp conflict. Plaintiffs' evidence tended to show that there was an absolute sale and delivery of the tractor by the plaintiffs to the defendant for a price agreed upon by the parties. Defendant's evidence tended to show that no such sale was ever made; that nothing more was contemplated by the defendant than that, if the Ford agency was restored to it, defendant would purchase and take over said tractor from the plaintiffs; and that no agreement of sale whatever was entered into between the plaintiffs and the defendant.

It does not appear from the record that the trial court in the course of the proceedings ruled upon the motion to strike the affirmative matters alleged in the defendant's answer and counterclaim. However, it does appear that in the course of the trial the court received the defendant's evidence offered in support of its answer and counterclaim, although the court failed to make any findings with respect thereto.

It is argued by defendant's counsel quoting their own language, that—

"The paragraphs referred to were properly pleadable and set forth the facts constituting the defense and counterclaim of the defendant. It is not clear from the record as to whether or not the court did strike out these paragraphs. Some mention is made concerning the striking of these paragraphs; but, in view of the decision which the court reached in the light of the testimony which was before the court, it would seem that the court must have considered as stricken these paragraphs and disregarded all evidence pertaining to the negotiations had between the plaintiffs and defendant and the Ford Motor Company. The alleged agreement of the plaintiff with the defendant was predicated and conditioned

upon the Ford Motor Company giving the defendant the Ford agency and not otherwise, and the court apparently having stricken out or disregarded paragraphs 3, 4, 5, 6, 7, 8, and 9 of the answer and counterclaim, came to the erroneous conclusion that none of that testimony was competent and could not be considered in connection with the defense which the defendant pleaded."

Defendant then proceeds to argue that the court erred in failing and refusing to find on all the material issues presented by the pleadings.

The condition of the record is a most peculiar one. It might be fair to presume that, by reason of the court's receiving evidence in support of the defendant's answer and counterclaim, the plaintiff's motion to strike was in effect denied, and therefore for that reason the defendant should not be heard to complain of the matters set forth in its answer as having been stricken. The perplexing question then arises: Should the court have found on the material issues raised by the answer and counterclaim? No finding whatever was made with respect to any of the issues raised by the defendant's answer. The defendant's answer raised a material issue, and, unless findings were waived, it became the **1, 2** duty of the trial court to make such findings. *Implement Co.* v. *Cleveland,* 32 Utah, 6, 88 Pac. 670; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564. Of course, in a case where it is apparent that the failure to make a finding was not prejudicial, for example, one in which the record clearly shows that if a finding had been made it would of necessity have been made against the complaining party, there would be no ground for a reversal of the judgment. Our statutes so provide. Comp. Laws Utah 1917, §§ 6622, 6968; *Snyder* v. *Allen,* 51 Utah, 291, 169 Pac. 945; *Hall* v. *Sabey,* 58 Utah 343, 198 Pac. 1110.

In this case, by reason of the confused state of the record, we do not feel called upon to find whether or not the trial court in passing upon the evidence treated the allegations of the defendant's answer as stricken, or whether it deemed the evidence insufficient to support them. In every case where the issues are squarely presented by the pleadings, the

defeated party is entitled to know upon what theory the trial court decided against him. In this case we think the court should have clearly indicated whether or not it ruled on the plaintiffs' motion to strike. While it might be assumed from the fact that the court received evidence in support of the defendant's answer that the court regarded the    3 allegations thereof in passing upon the evidence, nevertheless it is altogether certain that the court made no findings whatever with respect thereto. The defendant was entitled to know, and this court should also be advised before deciding, whether the court did or did not ignore the issues raised by the pleadings and whether it did or did not, in rendering judgment for the plaintiffs, consider all the evidence in the record.

For the reasons stated, the judgment of the district court is hereby reversed. Let the cause be remanded, with directions that the defendant be granted a new trial. Plaintiffs to pay costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.