## GRIFFITH et al. v. MAXFIELD et al.

No. 3940. Decided July 27, 1923. (218 Pac. 105.)

1. TRIAL—FINDINGS NEED NOT BE AS EXPLICIT AS PLEADINGS. Findings may not be assailed merely because the language used is not as explicit as that of the pleadings; it being unnecessary to follow the language thereof or the allegations in consecutive order, if the ultimate material facts are found.

2. TRIAL—LEGAL CONCLUSIONS MAY BE DISREGARDED IN FINDINGS. Legal conclusions pleaded may be disregarded in the findings.

3. TRIAL—ALLEGATIONS AS TO WAIVER OF AND ESTOPPEL TO ASSERT CLAIM HELD LEGAL CONCLUSIONS NOT REQUIRING SPECIFIC FINDINGS. In an action by contractors against subcontractors for failure to complete the extension of a canal, defendants' allegations that plaintiffs, by failing to furnish necessary rights of way and presenting and settling a claim against the city employing them for damages for its failure to do so, waived or were estopped from asserting their claim, presented mere legal conclusions, as to which it was not incumbent on the court to make specific findings.

4.  TRIAL—FAILURE TO MAKE SPECIFIC FINDING HELD NOT ERRONE-
    OUS, IN VIEW OF FINDING OF ULTIMATE MATERIAL FACT. In an
    action by contractors against subcontractors for failure to com-
    plete the extension of a canal, the court's failure to find
    whether plaintiff's waived or were estopped from asserting
    their claim by failing to furnish necessary rights of way and
    presenting and settling a claim against the city employing
    them for its failure to do so *held* not erroneous, where the
    court found the ultimate material fact that defendants were
    damaged ·by plaintiffs' failure and allowed an offset on that
    account.

5.  ESTOPPEL—CONTRACTORS HELD NOT ESTOPPED FROM CLAIMING
    DAMAGES FOR SUBCONTRACTOR'S FAILURE TO FULFILL CONTRACT,
    WHERE LATTER RECOVERED DAMAGES FOR FORMER'S FAILURE TO
    FURNISH RIGHTS OF WAY. In an action by city contractors
    against subcontractors for failure to complete the excavation
    of a canal, where defendants on their counterclaim were
    awarded damages resulting from plaintiff's failure to furnish
    rights of way, defendant could not urge that plaintiffs were
    estopped from claiming damages caused by defendants' failure
    to fulfill their contract, because they had recovered damages
    from the city for failure to furnish right of way.

6.  CONTRACTS—CONTRACTORS HELD NOT TO HAVE IMPLIEDLY AGREED
    NOT TO PRESENT CLAIM FOR DAMAGES AGAINST SUBCONTRACTORS
    FOR FAILURE TO COMPLETE WORK. Contractors *held* not to have
    impliedly agreed not to present a claim for damages against
    subcontractors for failure to complete their work because of
    damages to the latter from the former's failure to furnish
    rights of way, in view of a letter from the subcontractors
    notifying their surety and the contractors of their inability to
    finish the work, and authorizing addressees to finish it in ac-
    cordance with the contract on such terms and conditions as
    might be just.

7.  TRIAL—ISSUES PRESENTED BY ANSWER AND COUNTERCLAIM HELD
    COVERED BY FINDINGS, NOTWITHSTANDING BLANKET FINDING
    AGAINST DEFENDANTS. The material issues presented by de-
    fendants' answer and counterclaim *held* covered by the court's
    findings, notwithstanding a blanket finding against defendants,
    in view of a specific finding concerning the only issuable ma-
    terial fact relied on by them.[1]

    [1] *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564;
    *Munsee* v. *McKellar,* 39 Utah, 282, 116 Pac. 1024; *Dillon Implement
    Co.* v. *Cleaveland,* 32 Utah, 1, 88 Pac. 670; *Everett* v. *Jones,* 32 Utah,
    489, 91 Pac. 360; *Hall* v. *Sabey,.* 58 Utah, 343, 198 Pac. 1110.

8. APPEAL AND ERROR—FINDING ON CONFLICTING EVIDENCE NOT RE-
    VIEWABLE. A finding on conflicting evidence is not reviewable.

9. DAMAGES—FINDING AS TO EXTRA COST OF EXCAVATING CANAL BY
    REASON OF FAILURE TO FURNISH RIGHTS OF WAY SUSTAINED.
    In an action by contractors against subcontractors for failure
    to complete the extension of a canal when defendants set up
    a counterclaim for damages by reason of plaintiffs failure to
    furnish rights of way, evidence *held* sufficient to sustain the
    court's findings as to the consequent extra cost of excavating.

Appeal from District Court, Third District, Salt Lake
County; *Ephraim Hanson,* Judge.

Action by J. L. Griffith and another, a copartnership,
against B. Maxfield and others. Judgment for plaintiffs, and
defendants appeal.

AFFIRMED.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake
City, for appellants.

*H. A. Smith & Son,* of Salt Lake City, for respondents.

THURMAN, J.

Plaintiffs J. L. Griffith Company are successors in interest
of a partnership of the same name previously existing in
which one John Zoss was a member. The principal place of
business of the partnership was in Salt Lake City, Utah, and
prior to the alleged wrongs complained of in plaintiffs' com-
plaint said partnership entered into a written agreement with
said city for the construction of an extension to the East
Jordan canal, of which Salt Lake City was the owner. On the
17th day of February, 1920, the J. L. Griffith Company en-
tered into a written agreement with the defendants Maxfield
and Brinton, by the terms of which the defendants agreed to
perform all the necessary work in excavating, constructing,
and completing the extension of said canal, situated in Salt
Lake county, Utah, including the clearing of the ground, and

removing and replacing fences, to the extent that the same became necessary in the course of construction. The canal to be constructed was approximately 19,300 linear feet, and the same was to be completed for the price named in the contract in a good, substantial, and workmanlike manner; defendants agreeing to furnish all tools, labor, and material necessary to properly perform and complete the work for use in accordance with the plans and specifications contained in the contract and in the contract theretofore entered into between the said J. L. Griffith Company and Salt Lake City.

The defendant United States Fidelity & Guaranty Company (engaged in the general business of surety for compensation) for a valuable consideration executed its bond of indemnity to the J. L. Griffith Company, and thereby became surety for said defendants for the faithful performance of the work. The defendants further agreed to commence said work as soon as directed by J. L. Griffith Company and continue the same without interruption to a full completion within 100 days thereafter, Sundays and legal holidays excepted. Pursuant to notification defendants commenced said work on or about February 26, 1920. It was further agreed that time was of the essence of the contract, and that for every day the work remained unfinished after the expiration of 100 days J. L. Griffith was authorized to deduct and retain $10 out of any money due or to become due said defendants for material and labor furnished by them pursuant to the contract. In the event there was no money due them, defendants agreed to pay said $10 per day as liquidated compensatory damages. A short time previous to August 13, 1920, defendants failed and neglected to proceed with the work or to furnish material therefor, and on the date last mentioned J. L. Griffith Company notified the defendant U. S. Fidelity & Guaranty Company of such failure and neglect on the part of defendants, and requested said company to either take over and complete the work in accordance with its bond of indemnity or authorize the J. L. Griffith Company to complete the same. On the 14th day of August, 1920, defendants formally notified J. L. Griffith Company, in writing, that they were unable to finish the work, and expressly consented that the same might be

completed by their surety or by the J. L. Griffith Company, on such terms as might be just in the premises.

Plaintiffs, after alleging, in substance, the matters above stated, further allege that they have duly performed all the terms and conditions of said contract to be by them performed, and that, after defendants Maxfield and Brinton failed, neglected, and refused to further furnish material or perform further labor under said contract, J. L. Griffith Company was compelled to furnish labor and material for the completion of said work solely at their own expense in the sum of $11,139. It is also alleged that the superintendency of said work by J. L. Griffith Company was of the reasonable value of $856.65, together with liquidated damages in the sum of $1,370, for which amount, with interest thereon at 8 per cent. per annum, plaintiffs pray judgment.

Defendants answering admit the allegations of the complaint as far as the contract is concerned and their failure to complete the same as therein alleged, but by way of defense they allege, in substance, that it was the duty of plaintiffs to furnish a right of way for the construction of said canal, but that plaintiffs failed to do so before the irrigation season commenced, and that by reason of such failure defendants were unable to enter upon and complete the work before the ground became saturated with water from irrigation; that by reason of such failure they were not only delayed in their work but the work was rendered far more difficult and expensive. This defense was especially made applicable to a section of the work extending through what is denominated the Little Cottonwood district in which the land is of a gravelly nature and absorbs and maintains a large quantity of water from the irrigation of adjacent lands lying above the canal.

It is also alleged as a defense that the money expended by J. L. Griffith Company to complete the canal was expended voluntarily and without the request of defendants, and was expended solely because plaintiffs had failed to furnish rights of way, and had thereby compelled defendants to incur great and additional expense; that said money was expended by plaintiffs for their own benefit, with the implied understand-

ing that no claim therefor would be made against the defendants. Finally, it is alleged as a defense that, well knowing that defendants had a claim against plaintiffs for a large amount, on account of the failure of plaintiffs and Salt Lake City to furnish said rights of way as before stated, and well knowing that defendants, in connection with plaintiffs, had a cause of action against Salt Lake City for damages for failure to furnish rights of way, and that said damages had been suffered and sustained by the defendants, the said plaintiffs presented a claim against Salt Lake City for damages, representing that damages had been sustained by plaintiffs, when in truth and in fact such damages had been sustained by defendants, by reason of said city's failure to furnish said rights of way; that said claim so presented by plaintiffs was for the sum of $10,544.54; that plaintiffs received from said city the sum of $4,900 in settlement of said claim, and accepted the same to cover all losses by reason of delay and other matters relating to the construction of said canal; that by reason of the same it operated as a settlement of any claim that plaintiffs might have against the defendants, and the said plaintiffs thereby waived any claim it might have against defendants, and are estopped from making any such claim.

By way of counterclaim on account of damages sustained for failure to furnish rights of way, defendants allege their damages to be the sum of $5,000. They pray judgment for that amount, and that plaintiffs take nothing by reason of their complaint.

The case was tried to the court without a jury. The court found in favor of the plaintiffs, with an allowance to defendants, on their counterclaim, for damages. Defendants appeal and assign 49 errors, 5 of which are relied on in the argument, and the remainder abandoned.

The principal contention of appellants is that the court failed to find on the material issues tendered by their answer and counterclaim. These issues as stated by appellants are, in substance, as follows: (1) That defendants had been induced to enter into the contract upon representations by plaintiffs that plaintiffs had secured all rights of way, that

said representations were false, fraudulent and untrue, and by reason of said rights of way not being secured defendants were unable to carry out their contract. (2) That, on account of plaintiffs' failure to furnish said rights of way, defendants were unable to complete the work until after the irrigation season had commenced, and the land through which the canal was to be constructed had become water-soaked, rendering it necessary to excavate in excess of 5,000 cubic yards of wet excavation. (3) That on account of the damages sustained by the defendants by reason of the failure to furnish rights of way plaintiffs impliedly agreed with defendants that no claim would be made against them for not completing the work, and that by reason thereof plaintiffs are estopped from making any claim for damages against defendants. (4) That plaintiffs presented a claim to Salt Lake City for damages on account of its failure to furnish rights of way, and such claim was made to include the damages sustained by defendants, that plaintiffs received from said city the sum of $4,900 by way of settlement, and by reason of said settlement the plaintiffs are estopped from making any claims against the defendants and have thereby waived such claims. (5) That, on account of the failure to furnish said rights of way, the defendants were compelled to do 5,000 cubic yards of wet excavation, for which they were entitled to be paid $2.50 per cubic yard.

It will be noted that these propositions are overlapping, and, for convenience, may be reduced to three, viz.: (1) Damages sustained by defendants by reason of the failure to furnish rights of way; (2) an implied agreement on the part of plaintiffs to claim no damages against defendants on account of plaintiffs' failure to furnish rights of way, and for the same reason plaintiffs are estopped from claiming such damages; (3) that, because plaintiffs presented a claim to Salt Lake City, on account of damages sustained by reason of its failure to furnish rights of way and accepted $4,900 in settlement of said claim, plaintiffs waived their claim for damages against defendants and are estopped from making such claim.

It will be conceded that in making findings all that is re-

quired of the court is to find the ultimate material facts.  It is not necessary to follow the language of the pleadings nor to follow the allegations in consecutive order.  If it appears from the findings that every material issue presented by the pleadings has been determined the findings may not be assailed merely because the language used is not as explicit as the language used in the pleadings. Furthermore, inasmuch as it is not permissible in a pleading to plead a legal conclusion, such conclusion, if pleaded, may be entirely disregarded in the findings without rendering the findings vulnerable to attack.

Notwithstanding the variability in forms of expression by which defendants state the several defenses in their answer and counterclaim, in the last analysis, they all rest upon the proposition that defendants sustained damages in the prosecution of the work by reason of the fact that the plaintiffs failed to furnish rights of way so that defendants could enter upon the land and construct the canal before the commencement of the irrigation season.  As to whether or not on account of the failure to furnish such rights of way, plaintiffs impliedly agreed to waive their claim against defendants for damages, or were estopped from claiming such damages, the court is of opinion that the answer in that regard presented a mere legal conclusion, and therefore it was not incumbent upon the court to make a specific finding. The same may be said as to the plea that plaintiffs were estopped to claim damages against defendants because of plaintiffs' presentation of a claim to Salt Lake City for damages and the subsequent settlement thereof.  It seems to the court that both of these defenses set up in the answer were effectually disposed of by the finding of the court of the one ultimate material fact that defendants were damaged by plaintiffs' failure to furnish rights of way and the allowance of an offset on that account.  That was the only ground upon which defendants based their claim for damages, and when that question was determined by a proper finding the determination of the other questions resulted as a matter of law.

Finding No. 7, after finding in favor of the plaintiffs for

the sum of $11,139.09, for completing the work left unfinished
by defendants, including advanced payments and interest on
said amount, reads as follows:

"And the court further finds that because of the fact that Salt
Lake City did not own or have immediately available certain por-
tions of the right of way for the construction of said canal when
said work was started, and because of that fact said plaintiffs
herein did not have immediately available said portions of said
rights of way, the defendants were compelled to and did exca-
vate 3,920 cubic yards of wet excavation at a reasonable cost
of $1 per cubic yard, over and above the price fixed for said
excavation in said exhibit A, and said defendants B. Maxfield
and D. B. Brinton are entitled to a credit or off-set against
the claim of the plaintiff as herein set forth of the sum of $1
per cubic yard for said 3,920 yards of wet excavation, or a total
credit or offset of $3,920, which said sum of $3,920 is full compen-
sation to said defendants B. Maxfield and D. B. Brinton for any
and all damage or loss sustained by them by reason of said delay
in furnishing rights of way, and the court finds and decides that
there is due and owing to the plaintiffs from the defendants B.
Maxfield and D. B. Brinton, by reason of the matters and things
in this paragraph set forth, over and above all amounts due and
owing from said plaintiffs to said defendants on account of any
work or labor performed pursuant to the terms of said contract,
and over and above all offsets or counterclaims, owing from the
defendants B. Maxfield and D. B. Brinton to the plaintiffs the sum
of $8,212.11."

The court made a further finding awarding plaintiffs
$856.65 for superintending the work, keeping books, etc., dur-
ing the completion of the work, and interest thereon, the
whole amount aggregating the sum of $9,169.65.

The defendants having been awarded the damages sus-
tained by them on account of the grievances complained of in
their counterclaim, it would seem to follow as matter of law
that plaintiffs should not be estopped from claiming such
damages as they sustained by reason of defendants' failure to
fulfill their contract. Furthermore, as far as concerns
the allegation in the answer of an implied agreement        5, 6
by plaintiffs not to present a claim against defendants
for damages, even if the allegation were not a mere legal con-
clusion, the court, in finding No. 5, expressly found that de-
fendants notified their surety and plaintiffs on August 14,
1920, that defendants "were unable to finish the work under

their contract, and authorized said surety, or plaintiffs to finish the work in accordance with the contract on such terms and conditions as might be just in the premises.'' The finding quotes the letter in full, and seems to be a conclusive answer to the allegation of an implied agreement not to present a claim for damages against the defendants. In addition to the finding above quoted, the court, in finding No. 10, found as follows:

"The court further finds that the facts with reference to all of the matters and things set forth in the answers of all of said defendants and the counterclaim of the defendants B. Maxfield and D. B. Brinton are not true, and are not as therein set forth, but on the contrary that said facts, matters, and things are as hereinbefore set forth, and not otherwise, and the court finds all of the issues raised thereby in favor of the plaintiffs and against the said defendants, except as otherwise provided in these findings."

This is denominated by appellants a "blanket finding," and such it seems to be, and, if there were no other findings covering the material issues presented by defendants' answer, the finding would be vulnerable to appellants' criticism and in disregard of previous decisions of the court, cited by appellants. *Westminster Inv. Co.* v. *McCurtain,* 39 Utah, 544, 118 Pac. 564; *Munsee* v. *McKellar et al.,* 39 Utah, 282, 116 Pac. 1024; *Dillon Implement Co.* v. *Cleaveland,* 32 Utah, 1, 88 Pac. 670; *Everett* v. *Jones,* 32 Utah, 489, 91 Pac. 360; *Hall et al.* v. *Sabey,* 58 Utah, 343, 198 Pac. 1110. Appellants also cite many California cases to the same effect.

It is unnecessary to comment on any of the cases cited, because upon the most casual examination, they are readily distinguishable from the case at bar. Here, as we have shown, there is a specific finding concerning the only issuable material fact relied on by appellants, either as a defense or as foundation for a counterclaim. In such case even a blanket finding, such as finding No. 10, becomes helpful by way of clarification. The court is of opinion, however, that no clarification was necessary in the instant case. The contention of appellants that the issues presented by their answer and counterclaim are not covered by the findings is not sustained.

There is no specification of particulars in the assignment of errors as to insufficiency of the evidence to sustain the findings. Even if there were a proper assignment in that respect we are of opinion it would be without merit, in view of the evidence contained in the record. As before stated, the only issuable material fact presented by the answer and counterclaim was the damage sustained by defendants by reason of plaintiffs' failure to furnish rights of way. As to this we have shown there is a specific finding. The finding was made upon conflicting evidence, and is therefore not the subject of review. The following facts, however, are disclosed by the record: The question of defendants' damages turned mainly on the cost per cubic yard of wet excavation. The contract between plaintiffs and defendants allowed 26 cents per cubic yard for excavating earth. Through the fault of plaintiffs, or of Salt Lake City, in failing to furnish rights of way, defendants were compelled to excavate water-soaked earth instead of dry, hence the basis of defendants' damages was the extra cost of wet excavation. The court found it to be $1 per cubic yard. Defendants' witnesses, four in all, including the defendants Maxfield and Brinton, put the cost of wet excavation at $2.50 per cubic yard. Plaintiffs' witnesses, five in number, put the cost from 65 cents to 80 cents per cubic yard. It thus appears the finding of the court is amply sustained.

We find no error in the record. The judgment is affirmed at appellants' cost.

WEBER, C. J., and GIDEON and CHERRY, JJ., concur.

FRICK, J., did not participate herein.