## WEST v. STANDARD FUEL CO.

No. 5197. Decided December 31, 1932. (17 P. [2d] 292.)

*Ralph T. Stewart*, of Salt Lake City, for appellant.

*D. M. Draper*, of Salt Lake City, for respondent.

ELIAS HANSEN, J.

Defendant prosecutes this appeal from a judgment rendered against it on account of damages to plaintiff's automobile. The cause was tried to the court sitting without a jury. Defendant attacks the judgment appealed from upon two grounds, viz.: (1) Failure of the trial court to find upon one of the material issues raised by the pleadings and evidence; and (2) failure of the trial court to find, as a matter of law, that plaintiff was guilty of contributory negligence which proximately contributed to the complained of injury. The negligence charged in the complaint was that the defendant on January 11, 1930, at about the hour of 6:30 p. m. left its truck without lights or signals standing on the traveled portion of Fourth South street at a point a short distance east of the intersection of Fourth South street and Eighth East street in Salt Lake City, Utah. As an affirmative defense to the action, defendant, in its answer, alleged that plaintiff was guilty of contributory negligence in that he, at the time complained of, failed to have his automobile under proper control, failed to keep a proper lookout ahead, and failed to have his automobile equipped with proper lights. The trial court found in favor of the plaintiff on all of the issues excepting that he failed to make any finding upon the question of whether or not plaintiff's automobile was equipped with proper lights. The evidence, without conflict, establishes these facts: Late on the afternoon of January 11, 1930, one of the servants of defendant was driving one of its trucks loaded with coal east on Fourth South street. Something went wrong with the mechanism of the truck. The driver of the truck left it standing without lights on

the traveled portion of the street while he went to get an automobile mechanic to repair it. While defendant's truck was thus standing on the street, plaintiff attempted to drive his automobile around the truck, but in so doing plaintiff's automobile skidded into the truck. It was stipulated by the parties to this action that as a result of the collision plaintiff's automobile was damaged in the sum of $182.50. The accident occurred at about 6:30 p. m.

Plaintiff's version of how the accident happened as shown by his testimony is as follows: That at the time of the accident defendant's truck was standing three or four feet east of the sidewalk which runs north and south on the east side of Eighth East street and about twenty feet north of the curb that runs east and west along the south side of Fourth South street; that the snow had been scraped off the traveled portion of Fourth South street and piled along the sides of the street next to the curb; that it had been snowing on the day of the accident; that there was a light coat of snow on the traveled portion of the street; that at the time of the accident it was dark, smoky, and foggy so that it was difficult to see anything; that plaintiff was traveling east on Fourth South street at about twenty miles an hour; that as he approached the intersection of Fourth South and Eighth East streets he slowed down to about fifteen miles per hour; that as he was about to cross the intersection an automobile was coming west on Fourth South street and another automobile was going north on Eighth East street; that as he was driving through the intersection he was watching the automobile which was going north along Eighth East street and was also looking out for pedestrians that might cross the street; that he passed just behind the automobile which was going north along Eighth East street; that just as he was increasing his speed, he, for the first time, suddenly saw defendant's truck directly in front of him; that he was probably between twenty-five and fifty feet from the truck before he saw it; that when he saw the truck he did not apply the brakes on his automobile because he feared it would

skid; that he thought he could drive around the truck, but in attempting to do so his automobile skidded about two feet and the front door of his automobile struck the corner of the truck thus causing the complained of injury.

Plaintiff further testified that at the time in question the lights of his automobile were on; that they were in good condition; that they were thrown along the ground; that they had a good focus on them; that they gave the range required by statute; that they were tested in the fall of 1929. In some particulars plaintiff was corroborated by other witnesses who testified in his behalf. The testimony of defendant's witnesses in a number of particulars was in sharp conflict with the testimony of plaintiff and his witnesses, but it would serve no useful purpose to here recite such testimony. The only evidence in the record as to the direction in which plaintiff was looking at the time in question is that as he was crossing the intersection of Fourth South and Eighth East streets he was looking for cars and pedestrians who might be passing along Eighth East street and that as he passed behind the automobile which was going north on Eighth East street he suddenly saw defendant's truck.

Defendant contends that upon this evidence it was entitled to a finding by the trial court upon its pleaded contributory negligence of the plaintiff in failing to have his automobile equipped with proper lights. In support of such contention the case of *Hall* v. *Sabey*, 58 Utah 343, 198 P. 1110, 1111, is cited. It is the well-settled law in this jurisdiction that it is the duty of the trial court to find upon all of the material issues raised by the pleadings, and that it is prejudicial error for the trial court to fail to find upon issues raised by the pleadings and the evidence. Other cases in which this court has so decided are: *Mitchell* v. *Jensen*, 20 Utah 346, 81 P. 165; *Everett* v. *Jones*, 32 Utah 489, 91 P. 360; *Dillon Implement Co.* v. *Cleveland*, 32 Utah 1, 88 P. 670; *Westminster Investment Co.* v. *McCurtain*, 39 Utah 544, 118 P. 564; *Holm* v. *Holm*, 44 Utah 242, 139 P. 937; *Snyder* v. *Allen*, 51 Utah 291, 169 P. 945;

*Hillyard* v. *District Court*, 68 Utah 220, 249 P. 806; *Baker* v. *Hatch, Sheriff et al.*, 70 Utah 1, 257 P. 673. Counsel for plaintiff does not contend the general rule to be otherwise. He urges, however, that the evidence in this case is such that the only finding permissible is that the plaintiff's automobile was equipped with proper lights on the night in question and that therefore the defendant was not prejudiced because the trial court failed to find on that issue. In support of such contention the case of *Hall* v. *Sabey*, supra, is cited. Apparently plaintiff relied upon that part of the opinion in the case of *Hall* v. *Sabey* where this court said:

"It has been determined by numerous decisions of this court that the failure to make findings upon immaterial issues, or issues which would not affect the judgment of the court, is not ground for reversal. Such, in fact, is the statute. Comp. Laws Utah 1917, §§ 6968 and 6622. See, also, *Sheppick* v. *Sheppick*, 44 Utah 137, 138 P. 1169; *Madsen* v. *U. L. & Ry. Co.*, 36 Utah 528, 105 P. 799; *Hogge* v. *S. L. & O. Ry. Co.*, 47 Utah 266, 153 P. 585; 4 C. J., § 2878H, p. 308."

We are unable to agree with the contention made by counsel for the plaintiff. If plaintiff's automobile was not equipped with proper lights on the occasion in question and the failure to have it so equipped was the cause or a contributing cause of the injury complained of, plaintiff is not entitled to recover in this action. The issue of the contributory negligence of plaintiff was material. Nor may it be said that the evidence in this case is such as to require a finding, as a matter of law, that plaintiff's automobile was equipped with proper lights or that the condition of the lights on plaintiff's automobile did not cause or contribute to the accident. Laws of Utah 1921, c. 83, § 3976, p. 232, which was in effect at the time of the accident, contains, among others, the following provisions:

"Every motor vehicle * * * shall have mounted on the right and left sides of the front thereof a pair of lamps of approximately equal candle power. * * * If said vehicle can exceed a speed of fifteen miles per hour, then they shall have front lamps capable of furnishing light of sufficient candle power to render any substantial object clearly discernible on a level highway at least two hundred

feet directly ahead and at the same time at least seven feet to the right of the axis of such vehicle for a distance of at least one hundred feet. * * *

"Every vehicle which shall use the highways of this state and at all times during the period from a half hour after sunset to a half hour before sunrise shall be equipped with a lamp or lamps, as herein provided, of sufficient power and so adjusted and operated as to enable the operator of such vehicle to proceed with safety to himself and to other users of the highways under all ordinary conditions of highway and weather."

Some of defendant's witnesses testified that the night in question was clear; that there was no fog or smoke; that defendant's truck could be seen at least one-half block away. According to plaintiff's testimony he approached the truck from the west. The truck was standing directly in front of his automobile as he approached it. If, therefore, the night in question was clear as testified to by some of defendant's witnesses and if plaintiff, as he testified, was unable to see the truck until he was within twenty-five to fifty feet from it, the inability of plaintiff to see the truck in time to avoid running into it might have been due to defective lights on his automobile. There is, therefore, evidence in this record which tends to support the pleaded contributory negligence of the plaintiff in failing to have his automobile equipped with proper lights. The failure of the trial court to find upon the issue of the alleged contributory negligence of the plaintiff with respect to the condition of the lights of his automobile was prejudicial requiring a reversal of the judgment.

Counsel for defendant earnestly urges that the trial court was in error in failing to find, as a matter of law, that plaintiff was guilty of contributory negligence. As heretofore stated in this opinion, the pleaded contributory negligence of the plaintiff was that he failed to have his automobile under control, failed to keep a lookout ahead, and failed to have his automobile equipped with proper lights. There is no evidence that plaintiff did not

have his automobile under control unless it may be said that the fact that his automobile skidded into the truck is such evidence. Such fact may not be said to show as a matter of law that plaintiff did not have control of his automobile. If the night in question was as dark, smoky, and foggy as testified to by the plaintiff, it may be that he could not have sooner seen the truck even though he kept a constant lookout ahead, and even though his automobile was equipped with proper lights. It may not be said on this record that, as a matter of law, the plaintiff was guilty of the contributory negligence pleaded by the defendant. It is urged in the brief of the defendant that plaintiff was guilty of contributory negligence if on the occasion in question he was driving his automobile at such a rate of speed that he could not stop within the distance at which he was able to see objects in front of him. A complete answer to that contention is the fact that defendant did not, in the court below, question the speed at which plaintiff was driving his automobile either by its answer or otherwise. That question not having been raised in the court below is not before us for review.

The judgment is reversed. This cause is remanded to the district court of Salt Lake county, with directions to grant a new trial. Appellant is awarded its costs.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.