# DUNCAN v. HEMMELWRIGHT et ux.

No. 7037.   Decided November 21, 1947.   (186 P. 2d 965.)

See 20 C. J. S., Counties, sec. 165. Tax deeds and recitals therein as evidence of regularity of tax proceedings as to advertising and notice of sale, and as to time, manner, and place of sale, see note 88 A. L. R. 264. See, also, 51 Am. Jur. 947.

*F. B. Hammond,* of Price, for appellant.

*Edward Sheya* and *B. L. Dart,* both of Price, for respondents.

WOLFE, Justice.

Appeal on the judgment roll from a decree of the Seventh District Court quieting title to certain lands in the defendants.

The pleadings in this case are long, prolix, and redundant with allegations of evidentiary facts and arguments. They are further encumbered with numerous documents, which are incorporated by reference, and which are wholly unnecessary for the purpose of framing issues of fact. At best, such redundancies cannot enhance the pleadings; at worst, they tend to becloud the issues and increase greatly the work of both the trial and appellate courts. For the reason just stated, we will digest the pleadings only so far as is necessary to frame the issues.

Disregarding immaterial averments, the complaint alleged that the plaintiff was the owner of land described as follows:

"Lot 2, less two small tracts belonging to Amelia Arronco and right-of-way of Martin Coal Company and right-of-way to L. R. Rains, Sec. 7, Twp. 13 S., R. 9E, S. L. M.;"

that the defendants claimed and asserted an interest in a portion of the above mentioned real estate described as follows:

"Beginning at the NW corner of property of house # 17, thence N. 9° 00' W. 35 ft., thence S. 77° 00' W. 90.6 ft., thence S. 26° 15' E. 49.5 ft., thence No. 53° 45' E. 36 ft., thence N. 76° 00' E. 43 ft. to point of beginning, containing in all 0.074 acres;"

that the land claimed by the defendants constituted no part of the two tracts belonging to Arronco or of the right-of-way above mentioned; that the claim of the defendants was without right, and that they had no right, title, nor interest in the land. Then followed the usual prayer for relief.

Defendants, by their third amended answer as amended (hereinafter referred to as the answer), denied that plaintiff was the owner of the land; admitted that they claimed

an interest therein, but denied that it was without right, and denied that they had no right, title or interest in the land. By way of further defense and what is denominated a cross claim, defendants further alleged that on January 1, 1933, the Mutual Coal Co. (hereinafter referred to as Mutual) was the owner of the property mentioned in plaintiff's complaint, that on December 31, 1933, the property was sold by the County Treasurer of Carbon County to Carbon County for delinquent taxes; that after a lapse of more than four years from the date of the sale of the property to Carbon County, and no redemption of the property having been made, the auditor of the county delivered his auditor's tax deed to the county; that on May 20, 1938, the county deeded said property to the Royal Coal Company by quitclaim deed, that plaintiff's claim to the real estate in question was derived through Royal Coal Co.; that plaintiff's claim to the real estate was without right because the tax deed and tax proceedings were invalid and void for several different reasons alleged with great particularity and at considerable length.

Defendants further alleged that on December 9, 1939, Mutual was adjudicated a bankrupt; and that in July, 1940, pursuant to an order of the referee in bankruptcy, the trustee in bankruptcy quitclaimed to Carbon County all right, title, and interest, to the property in question; and that thereafter Carbon County quitclaimed said property to the defendants.

Defendants also alleged that there had been no valid assessment of taxes on the said property to Mutual, and any valid taxes or liens for taxes on said property had been paid by defendants to Carbon County. Then followed a prayer that the claims of plaintiff be adjudged to be invalid, and that defendants be declared and adjudged the owners of the property.

To this answer plaintiff interposed a general demurrer which was overruled. Plaintiff thereupon replied to the answer, denying that the property in question was ever in the control of the trustee in bankruptcy, and denying that

Carbon County had any interest in the property in question, at the time of its quitclaim deed to plaintiff.

Summarizing briefly, plaintiff claimed under a tax deed from Carbon County, whereas defendants claimed under a quitclaim deed from Carbon County, the county having first obtained a quitclaim from Mutual's trustee in bankruptcy.

The case was tried on the merits to the court sitting without jury. The court by its decree held that the defendants were the owners of the property in question and entitled to the possession thereof, and that the claims of plaintiff were without right. The court further decreed that defendants pay to plaintiff the taxes paid by the plaintiff on the property, amounting to a total of $1. From this decree the plaintiff prosecutes this appeal.

The trial court found that plaintiff's tax title was defective and void on several of the grounds alleged in the answer. Plaintiff has not attacked this finding, except on the somewhat technical ground that the finding was a conclusion of law. In fact, plaintiff has made no effort whatsoever to defend his tax title, and by silence apparently concedes that it is void.

The errors relied upon by plaintiff for a reversal of the judgment below are:

(1) The court erred in overruling plaintiff's general demurrer to the answer.

(2) The court failed to make findings of fact on certain material issues.

(3) The court made erroneous findings of fact. The gist of this is that the findings were really conclusions of law.

(4) The court made errors in its decree.

Plaintiff has also made other assignments of error, which, not being argued in the printed briefs, are waived and are not considered by us. *Parry* v. *Harris,* 93 Utah 317, 72 P. 2d 1044.

Plaintiff's argument in support of his general demurrer to the answer is predicated on the theory that the affirmative allegations of the answer show a title in plaintiff and not

in defendants. We have grave doubts that this theory is properly raised on demurrer to the answer. Certainly the more proper way of raising the question would be by motion for judgment on the pleadings. However, on the assumption that the plaintiff's demurrer sufficiently raised the question we shall consider seriatim the various doctrines advanced by plaintiff in support of his theory that the allegations of the answer affirmatively show title in the plaintiff.

Plaintiff first contends that the county has power to acquire and hold land only for county purposes and on tax sales, Sec. 19-4-3 (2) U. C. A. 1943, and that on tax sales it has power to take land only to satisfy the delinquent taxes, and therefore the county could take nothing by the trustee's quitclaim deed, and had no interest to convey to defendants. The argument is without merit. The county is an arm of the state government, and we do not think that the legislative intent was to make the county more helpless than a private person or corporation in protecting its interest against a bankrupt debtor. Where it becomes necessary for the county to accept real estate from a bankrupt's estate for the purpose of protecting its legitimate claims, it has power to do so; and when it so accepts real estate, it is acquiring real property for county purposes within the meaning of Sec. 19-4-3, U. C. A. 1943.

Plaintiff next contends that the answer shows title to the land in plaintiff by operation of the doctrine of after acquired title. It is plaintiff's contention that if the county acquired any interest in the land in question under the bankruptcy proceedings, such after-acquired title passed immediately to the plaintiff. The contention also is without merit. The deed from the county to plaintiff was a quitclaim deed. A quitclaim deed does not convey an after-acquired title. 7 Thompson on Real Property, Permanent Ed., Secs. 3845, 3846, pp. 310-312; 4 Tiffany Real Property, 3rd Ed., Sec. 1231, p. 642. Under 78-1-12, U. C. A. 1943, a quitclaim deed operates to convey the estate of the grantor "at the date of such conveyance." The doctrine of

after-acquired title is clearly not applicable to the facts of this case.

Plaintiff also contends in support of his demurrer, that the defendants' answer alleges facts which estop Carbon County from denying the validity of plaintiff's tax deed, and that defendants stand in no better position than Carbon County, their grantor. Assuming for the purpose of this argument only, that the county could be estopped in a case like this, we find nothing in the answer from which it could be inferred that the county made any representations whatsoever, or that plaintiff relied upon any representations of the county in purchasing the tax deed. On the contrary, it is a well recognized principle that counties do not warrant tax titles. Purchasers of tax titles, take subject to the previous owner's right of redemption and to any defects or infirmities in the procedure through which the county acquired its interest. There is nothing in defendants' answer from which an estoppel against the county, or its successors in interest can be inferred.

Plaintiff seeks to invoke the common source of title doctrine. That doctrine is obviously inapplicable to the facts of this case.

From the foregoing, it is clear that the plaintiff's demurrer was not well taken, and was properly overruled by the trial court. There was no error and accordingly the first assignment of error is without merit.

We pass now to a consideration of the second assignment of error, i. e., the failure of the court to make findings of fact on certain issues. It is well settled in this jurisdiction that failure to make findings of fact on material issues is error, and is ordinarily prejudicial. *Dillion Implement Co.* v. *Cleveland,* 32 Utah 1, 88 P. 670; *Holm* v. *Holm,* 44 Utah 242, 139 P. 937; *Snyder et al.* v. *Allen et al.,* 51 Utah 291, 169 P. 945; *Hall et al.* v. *Sabey,* 58 Utah 343, 198 P. 1110; *Baker* v. *Hatch,* 70 Utah 1, 257 P. 673; *Prows* v. *Hawley et al.,* 72 Utah 444, 271 P. 31; *Simper* v. *Brown,* 74 Utah 178, 278 P. 529; *Piper* v. *Eakle,* 78 Utah 342, 2 P. 2d 909; *West* v. *Standard Fuel Co.,* 81

Utah 300, 17 P. 2d 292; *Parowan Mercantile Co.* v. *Gurr et al.,* 83 Utah 463, 30 P. 2d 207; *Pike* v. *Clark,* 95 Utah 235, 79 P. 2d 1010. Failure to make findings on material issues is not prejudicial, if no findings, other than in support of the judgment would have been permissible. *Sheppick* v. *Sheppick et al.,* 44 Utah 131, 137, 138 P. 1169; *Snyder* v. *Allen,* supra; *Piper* v.*Eakle,* supra. And of course failure to make findings upon immaterial issues, or issues which would not affect the judgment of the court, is not ground for reversal. *Hall et al.* v. *Sabey,* supra; *Mills* v. *Gray,* 50 Utah 224, 167 P. 358; *Gray* v. *Defa,* 107 Utah 272, 153 P. 2d 544; *Huber* v. *Newman,* 106 Utah 363, 145 P. 2d 780. And findings should be limited to the ultimate facts. It is not necessary to make findings on the subsidiary or evidentiary facts. *Fuller* v. *Burnett,* 66 Utah 507, 243 P. 790; *Jankele* v. *Texas Co.,* 88 Utah 325, 54 P. 2d 425; *Sandall et al.* v. *Hoskins et al.,* 104 Utah 50, 137 P. 2d 819.

In paragraph 10 of plaintiff's amended reply, he alleges that the lands in question have been regularly assessed by Carbon County to the Royal Coal Company and to the plaintiff. Plaintiff assigns as error the failure of the court to make a finding as to whether or not the lands were so assessed. We fail to see how the failure to make such finding can be prejudicial to the plaintiff. The trial court found several defects in plaintiff's tax title, and a finding on the issue as to whether the lands were assessed could not help plaintiff. His claimed title would still be void. In view of the court's findings of specific defects in plaintiff's title, the issue here raised becomes immaterial and the failure to make a finding thereon was not prejudicial error. The above reasoning also applies to plaintiff's contention that the trial court committed reversible error for failure to make a finding on the question as to whether or not the defendants have paid any of the taxes on the property.

We turn now to a consideration of the assignment of error that the trial court committed error in making its findings of fact. The sixth finding of fact was as follows:

"That the plaintiff is entitled to a judgment to the effect that the defendants pay to the plaintiff the amount of taxes paid on said real property, both for the purchase thereof and taxes paid since, amounting to a total of $1.00."

Plaintiff rightfully contends that this is a conclusion of law wholly unsupported by any findings of fact. We will not be technical in requiring a trial court to make refined distinctions between findings of fact and conclusions of law. *Sandall* v. *Hoskins*, 104 Utah 50, 137 P. 2d █ 819. But we think this purported "finding of fact" was purely a conclusion of law. It states the legal rights of one of the parties. In order for plaintiff to be entitled to recover taxes paid on the land, he must have previously paid such taxes. And if plaintiff had paid the taxes, the court should have made a finding of that fact, stating when plaintiff made such payment or payments, and the amount thereof.

The decree quieting title in the defendants described the land as follows:

"All that certain real property situated in the County of Carbon, State of Utah, referred to and described in paragraph 2 of plaintiff's complaint on file herein, as follows, to wit:
"Beginning at the NW corner of property of house # 17, thence N. 9° 00' W. 35 ft., thence S. 77° 00' W. 90.6 ft., thence S. 26° 15' E. 49.5 ft., thence No. 53° 45' E. 36 ft., thence N. 76° 99' E. 43 ft. to point of beginning, containing in all 0.074 acres."

Plaintiff complains that this description is insufficient to identify the land. We think there is merit in plaintiff's contention. The decree ought to be amended █ so as to fully describe the land, without reference to the pleadings, or other papers filed in this case.

The decree is also ambiguous in that it states "that the defendants were during all the times mentioned herein and now are the owners," etc. It is not clear whether "at all times mentioned herein" means all dates men- █

tioned in the decree, or all times mentioned in any of the pleadings or proceedings in the case. This ambiguity should be corrected.

The judgment is reversed and remanded with directions to amend the decree and findings of fact in accordance with the views herein expressed. Each party to bear his own costs of this appeal.

McDONOUGH, C. J., and PRATT, WADE, and LATIMER, JJ., concur.