[No. 15202. *En Banc.* June 12, 1919.]

Cora Allen, *by her Guardian etc., Respondent,* v.
Christ Schultz *et al., Appellants.*[1]

Municipal Corporations (380, 389)—Streets—Automobiles—Violation of Ordinance—Evidence. The driver of an automobile, driving on the wrong side of the street contrary to law, who struck a passenger alighting from a street car, cannot claim an emergency excusing his act, where it appears that the accident was due to his own negligence in approaching the street intersection under the erroneous assumption that the street car was not going to stop at its regular stopping place.

Same (379, 389). In such a case, the emergency does not excuse his negligence in operating his automobile with the brakes out of order, when otherwise he could have stopped in time to have avoided the accident, since he was bound to anticipate the necessity of emergency stops and keep his brakes in order.

Appeal (413)—Review—Verdicts. The verdict of a jury in a personal injury case will not be set aside as excessive if supported by plaintiff's evidence.

Pleading (192, 196, 202)—Waiver of Objections—Trial Without Reply. The failure to deny an answer alleging contributory negligence is waived where the case was tried out on the merits as if issue had been duly joined without any timely objection.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered February 27, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*S. L. Americus (F. C. Highsmith,* of counsel), for appellants.

*Losey & Newton,* for respondent.

Fullerton, J.—The respondent Cora Allen, while alighting from a street car on one of the streets of the city of Spokane, was struck and injured by an automobile owned by the appellant Christ Schultz and

[1] Reported in 181 Pac. 916.

driven by the appellant Jake Schultz. She brought this action to recover for the injuries received, averring in her complaint that the accident was the result of negligence on the part of the driver of the automobile. Negligence was denied in the answer of the appellants and a trial had on the issues thus framed, which resulted in a verdict and judgment in favor of the respondent. On their appeal, the appellants assign that the court erred in its instructions to the jury, erred in refusing to grant their motion for a new trial, and erred in entering judgment against the appellant Christ Schultz.

There are certain facts surrounding the transaction which are undisputed. The accident causing the injury occurred at the intersection of Howard street and Augusta avenue, in the city named. Howard street at this place extends north and south, is sixty feet in width, and has upon it a double street car track upon which is operated the street cars of the Washington Water Power Company. Augusta avenue is thirty feet wide and crosses Howard street at a right angle. On the square adjoining Howard street on the east and Augusta avenue on the north is a high school building in which the respondent was a student. The street intersection is a usual stopping place for the cars of the street car company named, and is the usual alighting place for students of the high school who use the cars as a means of transportation to the school. On the morning of the accident, the respondent, with other students of the high school, came in on a car from the north. The car stopped at the intersection of the streets and one of the high school students got off. The respondent followed, getting off the car backwards, and was struck by the fender of the appellant's automobile just as she had reached the ground and while she was still holding to

a stanchion on the side of the car steps. She was knocked down by the car, which passed on to her left, colliding before stopping with an automobile truck which stood some distance back of the end of the street car.

The automobile approached the street car from the west, coming along Augusta avenue, which has a down grade at that place. It was traveling near the center or to the right of the center of the avenue, and instead of turning to the right toward the front of the street car, turned to the left in an effort to pass the car at its rear end. The principal dispute in the evidence is over the speed of the automobile when it approached and attempted to go behind the street car, and the necessity for its turning in that direction.

The respondent's witnesses testified that the automobile approached the street car at a rather high rate of speed and was traveling at from fifteen to twenty miles per hour when it struck the girl. They also testified that the street car, on stopping at the street intersection, protruded into Augusta avenue about one-fourth of the distance across it, and that there was nothing to prevent the automobile from passing the street car at the front or from turning to the right and passing down the street on the right-hand side of the street.

The driver of the automobile testified, and in this he is corroborated by the two persons riding in the car with him, that the automobile approached the car at a slow rate of speed and was going no faster than four miles an hour when it turned to the left to pass the car. He further testified that the street car extended, when it stopped, almost, if not quite, across Augusta avenue, and that he was prevented from turning to the right because of an automobile which stood in Howard street near the front end of the street car

at the south side of Augusta avenue. He further testified that the street car approached the street intersection rapidly, so rapidly, in fact, that he thought it was going through without stopping, and that he thought, because of that fact, that he could slack up and go behind it, and that he was within about eight feet of it when it actually stopped. In explanation of the fact that he did not stop the automobile before striking the respondent, he testified that the brakes were not in good condition, being too loose to furnish sufficient pressure on the brake drums to stop the automobile. He also testified that, after the street car stopped, a passenger, a high school girl, got off the car ahead of the respondent, and that the respondent got off the car backwards. It was shown without dispute that the respondent had been a cripple for many years, compelled to wear a metal ankle brace, a fact which possibly explains her manner of alighting from the car.

The court instructed the jury that, by the undisputed evidence, the driver of the automobile was, at the time of the accident, driving the automobile on the left-hand side of the street, contrary to the ordinances of the city of Spokane, and that such an act constitutes negligence on the part of the driver, and that such negligence is imputed, as a matter of law, to the owner of the automobile; further instructing the jury that the only question for them to determine was the amount of damage, if any, the respondent sustained by being struck by the automobile.

It is upon these instructions that the appellants assign error. It is not contended that the driver of the automobile was not driving upon the left-hand side of the street when the accident occurred, nor is it contended that to so drive is not contrary to the city ordinance, but it is contended that negligence

does not necessarily follow from these conditions; that a driver of an automobile may, under some circumstances, drive upon the left-hand side of the street without being guilty of negligence, and whether it is negligence so to do in any particular case must depend upon the facts of such case. It is contended further that, in the present case, the facts show an excuse for the driver's action; it is said that, when the street car did not pass on as he anticipated, but stopped in such a position that he could neither go forward nor turn to the right, he was confronted with an emergency, and whether he acted with due prudence in his effort to escape therefrom was a question of fact for the jury, not one of law for the court.

. It is probably the general rule that one confronted with a sudden peril, not arising from any fault of his own, may, to avoid bodily harm to himself, act in the way the emergency seems to require without being guilty of negligence, even though in so acting he injures another who in no way contributed to the condition creating the peril. This seems to be the holding in the case of *Donahue v. Kelly,* 181 Pa. St. 93, 37 Atl. 186, 59 Am. St. 632, and is perhaps the corollary of the rule illustrated by the two shipwrecked mariners on the plank. The act, however, is not one which the law commends, and before it will be given application, it must be clear that an emergency existed, that it was brought about by no negligent act of the person in the perilous situation, and that the resultant injury to the second person could not be prevented after the peril had passed. Here it is clear by the testimony of the driver of the automobile that he does not come within the rule. He had abundant time, according to his own testimony, to have stopped the automobile before he reached the place of peril, had he not been mistaken in assuming the street car was not going

to stop. But this was a usual stopping place for street cars, and it was negligence for him to assume that it was not going to stop in this instance. Again, after he had turned and avoided the peril, he had abundant time, at the speed he was traveling, to have stopped the automobile before striking the respondent, had the brakes on the automobile been in proper condition. One who operates on the streets of a city such a dangerous instrumentality as an automobile is bound to take notice that he may be called upon to make emergency stops, and it is negligence on his part not to keep the automobile in such condition that such stops are possible.

We have then a condition of the record in which the testimony of both the respondent and the appellants show negligence. It was not, therefore, error on the part of the court to assume that there was no conflict in the evidence on the question of negligence and to charge the jury accordingly, even though the court may have been influenced to so act from an inapplicable principle of law.

The case of *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529, relied upon by the appellants, is not contrary to the principle we here announce. It does not present the question now involved. The question there was one of contributory negligence. The injured party was placed in a position of peril by the negligence of another, and the evidence was conflicting on the question whether he acted negligently or with due prudence in his endeavor to escape from the peril, and hence presented a question for the determination of the jury. The case before us presents a different state of facts, and the evidence is also without conflict. Here the appellant, to avoid injury to himself, ran down and injured another. The cause of his being placed in the perilous situation and his acts in

extricating himself therefrom are disclosed by his own testimony. Since the testimony shows conclusively that he was guilty of negligence, there was no question for the jury.

The claim of error under the second assignment is that the verdict is excessive. The jury allowed a recovery of $1,500, and it is contended that the injuries shown were only nominal, while the verdict is substantial. But to reach this conclusion we must disregard the evidence of the respondent and adopt that of the appellants. This was the province of the jury, not ours.

A final contention is that the plea of contributory negligence in the answer of the appellant Christ Schultz stands undenied and must be taken as true, and so taking it, no recovery can be had as against him. But the answer appearing in the record transmitted to this court was filed subsequent to the trial of the case before the jury, and were the question open to the appellant, it may be doubtful if the record is sufficient to invoke the rule. The case, however, was tried on its merits as if an issue had been formally joined, without contention on the part of either side that any traversable allegation of the pleadings had been admitted. The failure to deny was, therefore, waived by want of timely objection. *Kelly v. Lum*, 75 Wash. 135, 134 Pac. 819, 49 L. R. A. (N. S.) 1151; *Yeisley v. Smith*, 82 Wash. 693, 144 Pac. 918.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, PARKER, TOLMAN, MACKINTOSH, and MAIN, JJ., concur.