## NIKOLEROPOULOS v. RAMSEY.

No. 3896.   Decided March 28, 1923.   (214 Pac. 304.)

1. MUNICIPAL CORPORATIONS—DENIAL OF INSTRUCTION AS TO NEGLI-GENCE OF AUTOMOBILE DRIVER IN ACTION FOR INJURIES TO PEDES-TRIAN ERROR.   In action for injuries to pedestrian, where the evidence showed that plaintiff was walking on the highway in front of defendant's automobile, and there was no contention that plaintiff suddenly stepped on the highway in front of de-fendant's car, the court erred in refusing to instruct "that it is negligence as matter of law for a person to drive an auto-mobile upon a traveled public highway, used by vehicles and pedestrians, at such a rate of speed that said automobile can-not be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him," and in charging in place thereof, "A driver of an automobile at night is required to use such reasonable and ordinary care to have his machine under such control as to not overtake and run down people within the range of his lights, as would be used by a man of average and reasonable care and prudence in his situation."[1]

2. MUNICIPAL CORPORATIONS—NEGLIGENCE NOT TO HAVE AUTOMOBILE WITHIN CONTROL AT NIGHT.   It is negligence for a person to drive an automobile on a public street at such a rate of speed that it cannot be stopped within the distance at which the operator is able to see objects on the street in front of him.

3. NEGLIGENCE—COURT SHOULD NOT QUALIFY LAW DECLARING CER-TAIN ACTS NEGLIGENCE.   When the law itself declares that cer-tain acts or omissions constitute negligence, the court should not attempt to qualify it by suggestions as to what would be done by a man of average and reasonable care and prudence in his situation.

4. MUNICIPAL CORPORATIONS—PEDESTRIAN NEED EXERCISE ONLY REA-SONABLE AND ORDINARY CARE.   Reasonable and ordinary care, in the circumstances existing at the time, is all that the law re-quires of a pedestrian walking on a street and it was error to instruct that a pedestrian must use all his senses to prevent an accident, and exercise all reasonable caution as an ordinary careful and prudent person would have exercised in similar circumstances.

[1] *O'Brien* v. *Alston*, 61 Utah, 368, 213 Pac. 791; *Barker* v. *Savas*, 52 Utah, 262, 172 Pac. 672.

5. MUNICIPAL CORPORATIONS—INSTRUCTION AS TO UNEXPECTED DAN-
    GER HELD INAPPLICABLE IN ACTION FOR INJURIES TO PEDESTRIAN.
    In an action for injuries to pedestrian on city street in the
    nighttime, when run down by automobile, an instruction limit-
    ing the responsibility of an automobilist, where he is confront-
    ed with a sudden, unexpected danger, which he could not have
    reasonably anticipated, was inapplicable, as the presence of a
    pedestrian on the highway at the point in question was rea-
    sonably to be anticipated.

Appeal from District Court, Third District, Salt Lake
County; *M. L. Ritchie,* Judge.

Action by Peter Nikoleropoulos against R. H. Ramsey.
Judgment for defendant, and plaintiff appeals.

REVERSED and remanded for new trial.

*E. A. Rogers,* of Salt Lake City, for appellant.

*Bagley, Fabian, Clendenin & Judd,* of Salt Lake City, for
respondent.

THURMAN, J.

On the 21st day of March, 1920, plaintiff, while walking
north on what is known as State street in Salt Lake City,
was struck by defendant's automobile, running in the same
direction. Appellant claims to have been seriously injured,
and that the injury was caused by defendant's negligence.
He brought this action to recover damages for the injury.
Defendant, answering the complaint, denied liability and
charged the plaintiff with contributory negligence. The
jury to whom the case was tried found for defendant, no
cause of action. Plaintiff appeals, and seeks to reverse the
judgment, relying principally on alleged erroneous instruc-
tions, refusals to instruct as requested, and insufficiency of
the evidence to sustain the verdict.

There is little or no conflict in the evidence concerning
the material questions to be determined.

State street is a public highway running north and south

through Salt Lake county. At the point where the collision occurred and thence on to Salt Lake City, a distance of 6 or 7 miles, a double-track street railroad is laid in the center of the street. The street on each side of the railroad tracks is paved to a width of 20 feet, while the intervening space occupied by the railroad is 16 feet wide. There was no sidewalk on the side where the injury occurred. The plaintiff claims however, that he was walking on the dirt road about 2 feet east of the pavement on the east side of the street, while the defendant contends that the plaintiff was walking on the pavement, within 1½ or 2 feet of its eastern edge. Except as to these conflicting contentions, and the claim of plaintiff that he was seriously injured, there is no substantial conflict in the evidence. In stating the evidence upon which the case must be determined, we shall confine ourselves exclusively to the testimony of the defendant, which is corroborated in every substantial particular by his wife and another lady, who were riding in the automobile at the time of the collision.

The defendant was driving from Springville to Salt Lake City. He had been driving from the time he started at an average speed of about 15 miles an hour to a point a short distance south of where the accident occurred. At this point he reduced his speed on account of the traffic becoming more congested, and at the time of the collision he was traveling about 12 miles an hour, within 1½ or two feet of the eastern edge of the pavement so as to leave room on his left for other vehicles to pass. It was about 8 o'clock p. m. The night was stormy, with some rain, which tended to obscure his vision. The curtains of his machine were drawn and the car closed. There was considerable traffic in both directions. The evidence does not disclose that at the moment of the accident there was any particular vehicle, or vehicles, attempting to pass on his left. The light, however, emanating from numerous vehicles operating in both directions, cast upon the wet pavement, tended further to obscure his vision. While his own vehicle, under normal conditions, would light the street ahead of him, so that he could see obstructions in

his path for a distance of 75 feet, yet under the conditions existing at the time of the accident he could see for a distance of only 25 feet, and at times only 6 feet. He was within 6 feet of plaintiff when he first saw him. He immediately applied the brakes, but was unable to stop his car in time to avoid the collision. It does not appear why he did not turn to the left, or attempt to do so. This, however, is not controlling in the instant case. The right side of his car fender struck the plaintiff. He gave no warning before the collision. In this connection we quote from the transcript of defendant's testimony the following pertinent evidence elicited on cross-examination:

"Q. Now, as a matter of fact, in this particular case, the reason you ran into this man was because you couldn't see? A. I hit him, because I didn't see him in time to stop; in other words, I couldn't stop within that distance. Q. You knew, when you were back some distance, that you would not be able to see an object farther than 6 feet in front of you, when the reflections were wrong and you were bothered by the lights of other automobiles? A. There were times when other machines passed that I couldn't see. Q. Despite that you were driving on? A. Yes, sir. Q. When you did drive on, you ran into this man because you couldn't see him? A. That is it, because I didn't see him in time. Q. Now, do you say that you didn't see him because the reflection was bad, or because you weren't looking? A. Because the reflection was bad. Q. Then you were driving when you couldn't see in front of you a distance further than 6 feet? A. At times. Q. At this particular time? A. At that particular minute or second. Q. At that particular time you were driving your car when you knew you couldn't see objects further than 6 feet ahead of you? A. Yes, sir. Q. Knowing that you couldn't stop your car in 6 feet? A. Yes, sir. Q. You didn't sound your horn? A. No, sir. Q. You didn't see this man until you were right up on him? A. No, sir. Q. There was 50 feet of roadway to the left of that man, was there not? A. I don't know how wide that road is. Q. Well, you know there are two strips of the pavement, and they are about 20 feet, aren't they approximately? A. Yes, sir; I would imagine. Q. There are two tracks? A. Yes, sir."

The specific grounds of negligence, charged in the complaint and relied on by plaintiff, are as follows:

"(a) In driving his said automobile at a speed greater than was reasonable and safe at said time, and at a rate of speed that

was dangerous to life, limb, and property, to wit, at the rate of 30 miles per hour.

"(b)   In not having, at said time and place, the said automobile under immediate control.

"(c)   In not giving any warning whatever to the plaintiff upon approaching the plaintiff.

"(d)   In running upon and against the said plaintiff when there was ample room upon said roadway for him to have passed the said plaintiff without striking the plaintiff."

At the conclusion of the evidence plaintiff's attorney, among other requests, requested the following instruction to the jury:

"You are instructed that it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway, used by vehicles and pedestrians, at such rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him."

The court refused the request, and two others of like import, and gave the following instead:

"A driver of an automobile at night is required to use such reasonable and ordinary care, to have his machine under such control as to not overtake and run down people within the range of his lights, as would be used by a man of average and reasonable care and prudence in his situation."

The uncontradicted evidence in this case shows that the plaintiff was walking on the highway in front of defendant's car. There is no contention either in the pleadings or the evidence that plaintiff suddenly stepped upon the highway in front of defendant's car, thereby rendering the collision unavoidable. In these circumstances we are of opinion that plaintiff's request was a correct statement of the law and ought to have been given by the court. In a recent case, not yet [officially] published, decided by this court, we upheld and sustained the doctrine embodied in plaintiff's request. *O'Brien* v. *Alston et al.*, 61 Utah, 368, 213 Pac. 791. In the course of its opinion the court quotes with approval brief excerpts from the opinions of courts in other jurisdictions, among which are the following:

In *Fisher* v. *O'Brien*, 99 Kan. 621, 162 Pac. 317, L. R. A. 1917F, 610, the court says:

"Independently of any statute, it is negligence as a matter of law to drive an automobile along the highway on a dark night at such speed that it cannot be stopped within the distance that objects can be seen ahead of it."

So, in *Lawson* v. *Fond du Lac*, 141 Wis. 57, 123 N. W. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. Rep. 30:

"The driver of an automobile, who, while traveling on a dark, rainy night over a straight stretch of strange country road, drives his machine at such a rate of speed that he cannot bring it to a standstill within the distance that he can plainly see objects or obstructions ahead of him, is not exercising ordinary care."

Other cases equally to the point are quoted, and many others are cited, so that there is no question as to what the law is as determined by this court. In addition to these cases, plaintiff's counsel makes reference to *Coca-Cola Bottling Works* v. *Brown*, 139 Tenn. 640, 208 S. W. 926, *Barker* v. *Savas*, 52 Utah, 262, 172 Pac. 672, *Spencer* v. *Taylor*, 219 Mich. 110, 188 N. W. 461, and Huddy on Automobiles (5th Ed.) 377.

The refusal of the request was prejudicial error, unless the instruction given by the court was equally clear and comprehensive. The request of the plaintiff was **2** not only a correct statement of the law, but under the authorities cited it furnished a standard of reasonable and ordinary care, without the qualifying phrases injected by the trial court.

When the law itself declares that certain acts or omissions constitute negligence, the court should not attempt to qualify it by suggestions as to what would be done by **3** a man of average and reasonable care and prudence in his situation.

Plaintiff also predicates error upon the following instruction, especially the words which we have italicized for convenience:

"You are instructed that a traveler on foot is required to use such reasonable care, circumspection, prudence, and discretion as the circumstances require, and an increase of care is required of him where there is an increase of danger. *He must use all his senses to prevent such an accident as is complained of here, and ex-*

*ercise all reasonable caution as an ordinary careful and prudent
person would have exercised in similar circumstances."*

We have grave doubts as. to the validity of this instruction. To require a pedestrian on the highway to use all his senses to avoid being run over by a vehicle approaching from behind might impose a burden which is practically impossible. Reasonable and ordinary care in the circumstances existing at the time is all that the law requires.

Plaintiff likewise complains of instruction No. 17, limiting the responsibility of an automobilist where he is confronted with a sudden and unexpected danger, which he could not reasonably have anticipated. We are of opinion the instruction was not applicable to the instant case. The presence of a pedestrian on the highway at the point in question was reasonably to be anticipated.

Beside this, we are of opinion, as matter of law, under the facts disclosed by the record, that at the time of the injury, and immediately before, defendant was not exercising reasonable and ordinary care in the operation of his car, and that, if any emergency whatever existed, it was due entirely to his own negligence. Huddy on Automobiles (6th Ed.) § 285.

Plaintiff also assigns as error insufficiency of the evidence to sustain the verdict. It is unnecessary to make a further review of the evidence. We are of the opinion the assignment should be sustained. This disposes of all the questions necessary to be considered.

The judgment is reversed, and the cause remanded, with instructions to the trial court to grant the plaintiff a new trial. Defendant to pay costs.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.