No. 29,799.

FRED RINER, *Appellant*, v. C. V. COLLINS, *Appellee*.

(296 Pac. 713.)

Opinion filed
March 7, 1931.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris,* all of Wichita, and *R. C. Woodward,* of El Dorado, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action was one for damages for injuries resulting from collision of plaintiff's automobile with defendant's truck. A demurrer to the petition was sustained, and plaintiff appeals.

The petition alleged that on a dark night defendant's driver was driving the truck northward on highway U. S. 54; that at a place five or six miles south of El Dorado the driver left the truck standing on the concrete slab of the paved highway, without having a red light at the rear end of the truck, and without light, warning, or signal to apprise drivers of vehicles approaching from the south that the truck was on the highway; that plaintiff, driving a model A Ford tudor automobile, ran into the truck; that plaintiff's automobile was damaged, and plaintiff was permanently injured. The ground of the demurrer was that plaintiff was guilty of contributory negligence, and the collision was not caused by defendant's negligence. The argument in support of the demurrer is that the law required plaintiff to have lights on his automobile and to drive according to his ability to see, and that he must have been negligent or he would have seen the truck and would have avoided striking it. In this way deduction from legal principles is made to serve in place of an answer stating facts constituting the affirmative defense of contributory negligence.

It is elementary that a petition need not negative contributory negligence on the part of plaintiff. Plaintiff states a cause of action when he pleads negligence of defendant causing injury. But a petition may disclose on its face facts showing plaintiff himself was guilty of contributory negligence (*Railway Co. v. Schroll,* 76 Kan. 572, 92 Pac. 596); and this occurs when a petition which states all the circumstances of the accident discloses that defendant was not negligent and the accident could not have been caused by defendant's negligence. (*Jones v. Atchison, T. & S. F. Rly. Co.,* 129 Kan. 314, 282 Pac. 593.) In this instance the petition negatived contributory negligence. The petition alleged that plaintiff was driving in a prudent and lawful manner; that the collision was caused by defendant's negligent conduct; and that defendant knew, or should have known, that motorists approaching the truck from the south could not, in the exercise of due care, see the truck in time to avoid collision.

The allegation that plaintiff was driving in a prudent manner was a conclusion, but the conclusion was one of fact, and was sufficient, without more, to acquit plaintiff of contributory negligence as against a demurrer. In strictness, the allegation that plaintiff was driving in a lawful manner presented a conclusion of law. Inferentially, it summed up the requirements of the law relating to the equipment of plaintiff's automobile and his manner of driving it, and asserted compliance with those requirements; and this poor style of pleading has been held good against a demurrer. (*Roberts v. Pendleton,* 92 Kan. 847, 850, 142 Pac. 289.) However, besides the allegation of due care on plaintiff's part, defendant's negligence was described as such that motorists in plaintiff's situation could not, in the exercise of due care, have seen the truck in time to avoid collision, and it was expressly alleged that the accident was caused by defendant's negligence.

The petition was good as against the demurrer.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer.