LYDIA DOVE, ADMINISTRATRIX OF THE ESTATE OF JAMES LAWSON DOVE, DECEASED, RESPONDENT, v. H. F. STAFFORD AND J. D. WILLIAMS, APPELLANTS.—91 S. W. (2d) 161.

Kansas City Court of Appeals. January 6, 1936.

*Robert F. McKinstry* and *Buchholz & O'Donnell* for respondent.

*Hook & Thomas* for appellants.

SHAIN, P. J.—This is a suit for damages for the death of James Lawson Dove, a single man. The suit is brought by the administratrix of the estate of said Dove for and on behalf of his next kin, who are alleged as dependents. It is charged that Dove was killed when walking on the roadway of Missouri Highway No. 50 between Knobnoster and Montserrat in Johnson County, Missouri, by the negligence of defendant J. D. Williams, while driving a truck for defendant Stafford.

The suit was brought in Johnson County, Missouri, and on change of venue was sent to Jackson County, Missouri, where same was tried before a jury in Division 3 of the Circuit Court of Jackson County, Missouri, at the November term, 1934, of said court.

The case was presented and went to the jury on the humanitarian doctrine alone.

The plaintiff's allegations were as follows:

"Plaintiff further states that on the second day of February, 1933, the defendants were engaged in operating an automobile truck in a westerly direction on Highway No. 50, about one and one-half miles east of Montserrat, Missouri; that at said time the said deceased was walking westward on said Highway No. 50, and that while the plaintiff was so walking the said defendants recklessly and negligently drove the said automobile truck which they were then and there engaged in operating, into and against the said deceased, with great force and violence, and injured him, so that within two hours

thereafter the said deceased died, as a direct result of the said injuries.

"Plaintiff further states that the defendants were also negligent in that, notwithstanding the said deceased, while walking on the said highway, was in a position of peril, said peril arising from danger of being struck by the said automobile truck, and notwithstanding the said defendants knew, or by the exercise of ordinary care could have known, of the presence of the said deceased on the said public highway and of the said perilous position of said deceased, notwithstanding the said defendants, by the exercise of ordinary care on their part, could have avoided striking the said deceased with said automobile truck, either by stopping said automobile truck or slackening the speed thereof, or turning same to one side, or keeping a reasonable lookout for the said deceased, or giving the said deceased warning of the approach of the said automobile, yet the said defendants recklessly and negligently omitted so to do; that as a direct result of the said injuries said deceased died on the said second day of February, 1933; that by said negligence this plaintiff and the estate of said deceased and the next of kin of said deceased have been damaged in the sum of ten thousand ($10,000) dollars, for which sum and costs plaintiff prays judgment."

The defendants' allegations in answer are:

"Come now defendants and for answer to plaintiff's petition in the above entitled cause, deny each and every allegation therein contained.

"Further answering, defendants state that James Lawson Dove so negligently and carelessly conducted and demeaned himself that he directly contributed to his injuries and death, in this, that he carelessly and negligently failed to observe the warning signal of defendants' truck; that he further negligently and carelessly failed to keep a reasonable lookout therefor and to observe the approach of said truck; that he negligently and carelessly stepped into the path of the same when said truck was so close upon him that the driver thereof had no opportunity, with the exercise of the highest degree of care, to avoid the accident and injury to James Lawson Dove."

At the close of all the evidence the cause was submitted to a jury and the jury returned a verdict for the plaintiff in the sum of $3700. Judgment was entered in accordance therewith and defendants duly appealed.

The defendants make assignments of error as follows:

"I.

"The court erred in overruling defendants' demurrer lettered 'B' at the close of all the evidence because the evidence totally failed to establish a case under the humanitarian doctrine and further it was error to submit the case under plaintiff's Instruction No. 1, the evidence being insufficient to support the same.

## "II.

"The court erred in refusing to give defendants' instruction lettered 'I' and in thereby refusing to submit the contributory negligence of the deceased to the jury as provided by the death statute.

## "III.

"The court erred in giving plaintiff's Instruction No. 2, in submitting the question of damages to the jury:

"(a)  Without instructing upon the expectancy of the plaintiff and those for whom she sued, and

"(b)  Because the evidence was insufficient for the jury to make any finding as to the expectancy of the deceased's dependent father, for whom the plaintiff sued.

## "IV.

"The verdict was excessive."

### OPINION.

For clarity the appellants, defendants, and the respondent, plaintiff, will be herein referred to as plaintiff and defendants in conformity to respective positions in the trial.

It stands admitted that defendant Williams, the driver of the truck at the time of the accident, was in the employ of defendant Stafford.

The evidence discloses that the accident happened on Highway No. 50 approximately a mile east of Montserrat, Johnson County, Missouri, after dark, to-wit, between five-thirty and six P. M. of February 2, 1933.

It is shown that shortly before the accident a Mr. McCormack was driving in his car in a westerly direction between Knobnoster and Montserrat and that Elizabeth Stoneking was riding in the front seat with him. The testimony is that before reaching the scene of the accident the truck driven by Williams was seen approaching from behind.

In the course of the examination, the following questions and answers appear:

"Q.  Now, Mr. McCormack, at the time that this accident occurred, I understand that a truck driven by a man by the name of Mr. Williams attempted to pass you from the rear?  A.  Yes, sir.

"Q.  Were your headlights burning?  A.  Yes, sir.

"Q.  Now, just tell the jury then what happened there.  A. Well, I heard this truck coming and I was watching it through the mirror on my windshield and when it got close enough, why, I glanced up and I noticed he was turning out around me and when he got about even with me, why I heard a crash, thud or something of the kind, and it wasn't but about—oh, just a little ways—I noticed something kind of roll out from the hind wheel.

"THE COURT:  The hind wheel of what car?  A.  Of the truck, the left hind wheel.

"Q. (By Mr. Jones) That is the truck which passed you? A. Yes, sir."

The object referred to proved to be the deceased Dove, who was found just on the edge of the left half of the slab going from east to west.

In the direct testimony of Elizabeth Stoneking, a witness for the plaintiff, the following questions and answers appear:

"Q. I will ask you whether or not you were on the Highway No. 50 at a point between Knobnoster, Missouri, and Montserrat, Missouri? A. Yes, sir.

"Q. Which direction were you going? A. West.

"Q. Whom were you with? A. Mr. McCormack.

"Q. I will ask you, Mrs. Stoneking, if you witnessed an accident somewhere along there? A. Yes, sir.

"Q. Just tell the jury what you saw there. A. Well, we was coming along there and just before this crash, why, I saw this boy on the slab, just about the time of the crash.

"THE COURT: I can't hear.

"A. I saw him just about the time of the crash—just before.

"Q. Where was he walking? A. He was on the slab."

Mr. McCormack testified that he was traveling about thirty or thirty-five miles per hour and the truck about fifty miles per hour.

Defendant Williams testified that there was a slight rise just before he passed McCormack and that the accident happened just as he went over the top of it. Williams further testified that he did not see Dove before he struck him.

It was shown by the evidence that Dove worked a few miles east of Montserrat and was accustomed to walking on Highway No. 50 in going from his work to his home.

On the evening of the accident, it is shown that several witnesses had seen Dove, prior to the accident, walking on the left side of the pavement going west at various distances estimated at from two to three hundred feet east of where the accident occurred.

We conclude that the above evidence makes such a showing as the inference can be drawn that Dove on the occasion was walking west on the left side of the pavement and that he was struck by the truck driven by Williams, just over a slight rise in the roadway, as Williams at a speed of fifty miles an hour attempted to pass a car driven by McCormack going at a speed of from thirty to thirty-five miles an hour.

Both Williams and McCormack testified that they did not see Dove.

There is evidence from which it can be inferred that, at the time Williams turned into the left side of the pavement to go around McCormack, Dove was on the same side of the pavement in front of the truck and was in a position of imminent peril. The fact that McCormack did not see the man may be accounted for by the fact

that he was watching, in a glass, the movements of the truck that was passing him. However, Elizabeth Stoneking, who was not in as good a position to observe objects on the left-hand side of the road as was Williams, did see Dove. The inference may be drawn from the testimony that she saw Dove walking on the slab just before the crash. We conclude that if one whose duty was not so great and whose position was not as good, as was that of Williams, saw Dove on the slab just before the crash, there is made a case to go to the jury under the humanitarian doctrine.

Based upon our conclusion stated, we find no error in the act of the court refusing to give defendants' Instruction B in the nature of a demurrer to the evidence. We further find no error in the submission of the case under the humanitarian rule as declared in plaintiff's Instruction No. 1. It follows that we find no error in refusal of Instruction "I," based upon contributory negligence, as assigned under two in defendants' brief.

Instruction two complained of, in defendants' assignment two, is an instruction on the measure of damages.

As to who is entitled to sue and as to measure of damages herein, we conclude that Sections 3263 and 3264 of the Revised Statutes of Missouri, 1929, control. However, the suit and recovery, if any, is by the same parties and in same manner as in the preceding Section 3262.

Instruction two complained of conforms to the language of the statutes. [Barth v. K. C. Elevator Ry. Co., 142 Mo. 535.]

The defendant under point three cites McCord v. Schaff, 279 Mo. 538, 216 S. W. 320-322, wherein an instruction bases damages solely on the life expectancy of deceased and does not require consideration of plaintiff's expectancy. Such instruction was declared in error. The McCord case is easily distinguished from the case at bar.

It is shown that defendant asked and was given Instruction H in which instruction the measure of damages is clearly and explicitly set forth.

We conclude that Instruction 2 complained of does not constitute error.

The defendants make claim that the verdict and judgment is excessive.

Section 3262, Revised Statutes 1929, controls as to the measure of damages. The provision of limitation in said section is a provision against excessive damages. The court and jury below were in a better position to judge as to the amount of damages than is a court of review. From an examination of the evidence, we conclude that there is not such a showing as would justify this court to reverse the case or order a *remittitur* by reason of excessive damages.

The case at bar presents close questions on the issue of liability. However, as is our duty, we have given to the plaintiff the benefit of the testimony most favorable to plaintiff and conclude, as before stated, that there was made an issue of fact for the jury under the humanitarian rule. A motorist, who undertakes to pass another car on the highway, of necessity must be held to the highest degree of care, and the fact that it is dark and visibility poor does not lessen the degree of care. We find nothing in the record from which we can conclude that we should interfere with the result reached in the lower court.

Judgment affirmed. All concur.