## MOSS v. CHRISTENSEN-GARDNER, Inc.

No. 6104. Decided January 19, 1940.   (98 P. 2d 363.)

*McCullough & Ashton,* of Salt Lake City, for appellant.

*Harley W. Gustin* and *Ralph B. Ottenheimer,* both of Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff has appealed from a judgment of the lower court dismissing her complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The only substantial question raised on appeal is whether the allegations of the complaint show that appellant was guilty of contributory negligence as a matter of law.

The complaint alleges that at the time and place in question defendant was constructing an underpass under a contract with the Utah State Road Commission. It then sets forth facts showing that a barricade was erected by defendant across the highway some distance east of the underpass and that west bound traffic was routed to the left onto an improvised road used for a detour. The allegations next made constitute that portion of the complaint which respondent claims, and which the trial court evidently ruled, shows contributory negligence on the part of the appellant, viz.:

"5. That at the aforesaid hour [8:45 p. m. on December 26, 1936] plaintiff was driving a 1927 Nash automobile, owned by her husband, Eugene Moss, in a westerly direction along the aforesaid highway. That because of an accumulation of smoke and mist in the vicinity, plaintiff had decreased the speed of said automobile to not more than 25 miles an hour. That as plaintiff, without any knowledge of the aforesaid hazardous condition existing on the highway, approached the same, another automobile coming from the west, and from the opposite side of said barricade, further impaired visibility by the glare of its headlights, so that it was impossible, in the exercise of reasonable care, for plaintiff to see said unlighted and unmarked barricade, as more particularly hereinafter set forth, in time to safely

avoid running upon the same. That upon seeing said barricade in the highway, plaintiff turned said automobile sharply and abruptly to the left. That in making said sudden turn, and while exercising every care that the exigency of the moment would allow, said automobile plunged and overturned into a deep unmarked ditch which was adjacent to the west side of the improvised road used as a detour * * *."

Subsequent allegations state that plaintiff suffered injuries which were the direct and proximate result of defendant's negligence in omitting to erect on the road any warning signs of the barricade, in omitting to place on the barricade any light or warning of any kind, and in failing to place any light or warning signs at or near the deep ditch located at the side of the detour.

Respondent urges that the allegations of paragraph 5 above set out affirmatively show contributory negligence on the part of appellant, as a matter of law, "in not stopping her car when she became blinded by the combined smoke, mist and approaching automobile lights or in keeping her car under such control as to be able to stop it instantly upon observing any obstacle that might be in the roadway." Several Utah cases are cited in support of this contention. *Nikoleropoulos* v. *Ramsey,* 61 Utah 465, 214 P. 304; *Dalley* v. *Mid-Western Dairy Products Co.,* 80 Utah 331, 15 P. 2d 309; *Hansen* v. *Clyde,* 89 Utah 31, 56 P. 2d 1366, 104 A. L. R. 943. The rule laid down in these cases, which it is claimed governs the instant case, is expressed in *Dalley* v. *Mid-Western Dairy Products Co.,* supra, as follows [80 Utah 331, 15 P. 2d 310]:

"In this jurisdiction the doctrine is established 'that it is negligence as matter of law for a person to drive an automobile upon a traveled public highway, used by vehicles and pedestrians, at such a rate of speed that said automobile cannot be stopped within the distance at which the operator of said car is able to see objects upon the highway in front of him.' "

While this rule is recognized generally in other jurisdictions as well as in our own, it is certainly not a rule without

limitation or restriction. Nor does it have universal application. Of the cases cited above only one, Hansen v. Clyde, involves a demurrer to the complaint. In that case the court held the general demurrer good on the ground that the allegations of the complaint failed to disclose negligence on the part of the defendant. The other cases involved the question of plaintiff's contributory negligence as revealed by the evidence, and are, therefore, not directly in point.

However, a case recently decided by this court, *Nielsen* v. *Watanabe*, 90 Utah 401, 62 P. 2d 117, 119, is in our opinion, conclusive of the question here presented. In that case the complaint alleged that defendant left a truck parked on the highway without lights or any warning signal; that as the car in which plaintiff was riding approached the truck at a moderate rate of speed the driver of the car was blinded by the lights of a car coming from the opposite direction so that he was unable to see the truck parked on the highway; that while the driver of the car in which plaintiff was riding was so blinded the car ran into and collided with the truck. The trial court sustained a general demurrer on the ground that the plaintiff was guilty of contributory negligence "as a matter of law in driving faster than she could stop in the distance she could see." On appeal this court, after stating the general rule laid down in the Dalley and Nikoleropoulos cases, held:

"None of the cited cases are controlling of the case in hand. The complaint here questioned is silent as to whether the highway near where the truck was parked is straight or crooked, level, or otherwise. If the truck could not, because of some obstruction, be seen as plaintiff and her husband approached it prior to the time they were blinded, and if plaintiff's husband was driving at a lawful rate of speed an automobile properly equipped with lights and brakes without any reason to believe the headlights of another automobile would suddenly or unexpectedly blind him, that while so blinded the collision occurred without time for him to reduce his speed or stop his automobile, the rule announced in the cases relied upon by defendant and heretofore cited in this opinion would not apply. Under such circumstances it may not be said that plaintiff's husband was, as a matter of law, guilty of contributory negligence. * * * Thus no facts are alleged

which show that either plaintiff or her husband was guilty of contributory negligence. Evidence properly admissible under the complaint may show that plaintiff and her husband were free from negligence proximately contributing to the injuries and damage complained of."

If the word "barricade" be substituted for the word "truck" in the foregoing quotation, each statement therein is applicable to the complaint before us in this case. It does not appear from the allegation of the complaint in the instant case that the plaintiff in the exercise of reasonable care could have seen the barricade before being blinded by the lights of the car coming from the west, or at what distance from the barricade the plaintiff was when he was so blinded. Indeed, the allegation that because of the glare of the headlights of the other car "it was impossible, in the exercise of reasonable care, for plaintiff to see said unlighted and unmarked barricade  *  *  *  in time to safely avoid running upon the same", would seem to be equivalent to alleging that at the point where she could have, in the exercise of due care, seen the barricade she was blinded by the glare of such headlights; and the blinding light having passed, there was not sufficient distance between her and the barricade to have brought her car to a stop. We are not advised by the complaint as to the speed of the car carrying the glaring lights. Whether or not, therefore, plaintiff was blinded but momentarily is not revealed by the complaint.

The majority of the cases from other jurisdictions where the rule hereinabove quoted from the case of Dalley v. Mid-Western Dairy Products Co. prevails, are apparently not contrary to the holding of this court in the case of Nielsen v. *Watanabe*, supra, where the question presented to the reviewing court was whether the complaint in the case under review showed, as a matter of law, contributory negligence on the part of the plaintiff.

In the case of *Coats* v. *Buie's Estate*, La. App., 157 So. 560, 561, the court held that unless the alleged facts "clearly show contributory negligence on the part of plaintiff" a gen-

eral demurrer should not be sustained (citing numerous cases). This rule was also laid down in *Meriwether County* v. *Gilbert,* 42 Ga. App. 500, 156 S. E. 472. But see *Haddon* v. *Savannah Electric & Power Co.,* 36 Ga. App. 183, 136 S. E. 285; *State Highway Dept.* v. *Stephens,* 46 Ga. App. 359, 167 S. E. 788, 789.

The Supreme Court of Ohio in construing an "assured clear distance ahead" statute has held that a complaint to be good as against a general demurrer must show some "legal excuse" for not being able to stop when objects are seen on the highway. *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St. 471, 3 N. E. 2d 427. See also *Higbee Co.* v. *Lindemann,* 131 Ohio St. 479, 3 N. E. 2d 426; and *Becker* v. *Dayton Power & Light Co.,* 56 Ohio App. 140, 10 N. E. 2d 36.

In Kansas the general rule that it is negligence as a matter of law to drive an automobile at night at such speed that it cannot be stopped within the distance that objects can be seen ahead was enunciated in *Fisher* v. *O'Brien,* 99 Kan. 621, 162 P. 317, L. R. A. 1917F, 610 (quoted approvingly by this court in *Nikoleropoulos* v. *Ramsey,* supra). The Kansas court has adhered to this general rule in subsequent cases. *Haines* v. *Carroll,* 126 Kan. 408, 267 P. 986; *Hayden* v. *Jack Cooper Transport Co.,* 134 Kan. 172, 5 P. 2d 837.

But in none of those cases was a similar situation to the one presented in the case at bar before the court. In the case of *Riner* v. *Collins,* 132 Kan. 613, 296 P. 713, 714, the Supreme Court of Kansas had before it the identical problem presented in the present case. The petition in the Kansas case alleged that on a dark night plaintiff while driving along the highway ran into defendant's truck which had been left standing on the highway without any lights or other signal to warn drivers of approaching vehicles. Defendant demurred on the ground that "plaintiff was guilty of contributory negligence, and the collision was not caused by defendant's negligence." The argument advanced in support of the demurrer was that the law required plaintiff to

drive according to his ability to see and that plaintiff must have been negligent or he would have seen the truck in time to avoid striking it. The court held the complaint sufficient, stating that not only did the petition allege due care on plaintiff's part, it also described defendant's negligence "as such that motorists in plaintiff's situation could not, in the exercise of due care, see the truck in time to avoid collision." Further, it was specifically alleged that the accident was caused by defendant's negligence.

See also, as to the rule under discussion, *Indianapolis Glove Co.* v. *Fenton,* 89 Ind. App. 173, 166 N. E. 12; *General Exchange Ins. Corporation* v. *M. Romano & Son,* La. App. 190 So. 168; *Chapman* v. *Ind. Laundry Co.,* 38 Ga. App. 424, 144 S. E. 127; *McKeon* v. *Delbridge,* 55 S. D. 579, 226 N. E. 947, 67 A. L. R. 311; Vol. 9, Blashfield Cyclopedia of Automobile Law & Practice, Permanent Edition, page 193, § 5966.

The allegations of the complaint in the case before us do not show that appellant was, as a matter of law, guilty of contributory negligence.

Respondent also claims that the demurrer should have been sustained because it does not appear from the complaint that had there been proper lights at the barricade they could have been seen by appellant and the accident avoided. The complaint does allege specifically that "plaintiff's injuries were the direct and proximate result of defendant's negligence in the following particulars", and then sets out the various acts of negligence complained of. The complaint is sufficient in this respect as against a general demurrer.

The judgment is reversed and the cause remanded to the district court of Salt Lake County with directions to reinstate the case and set aside the ruling sustaining the objection of defendant to the introduction of any evidence and also set aside the order dismissing the complaint.

Costs to appellant.

PRATT, J., concurs.

MOFFAT, Chief Justice.

I concur in the result.

WOLFE, Justice.

I concur. I have never been quite satisfied with the doctrine laid down in *Dalley* v. *Mid-Western Dairy Products Company*, 80 Utah 331, 15 P. 2d 309, which seems to have been founded on *Nikoleropoulos* v. *Ramsey*, 61 Utah 465, 214 P. 304. But there may be a valid distinction between the two cases. The Ramsey case involved negligence of a defendant to one rightly on the highway. The Dalley case involved that type of contributory negligence which amounts to the lack of due care necessary to escape from the other person's negligence, such person's truck being wrongly on the highway. I suggested that difference in my dissenting opinion in *Hansen* v. *Clyde*, 89 Utah 31 at page 42, 56 P. 2d 1366 at page 1369, 104 A. L. R. 943; also in the case of *Farrell* v. *Cameron*, 98 Utah 68, 94 P. 2d 1068. I now resuggest it. Whether au fond there is some difference in quality in such contributory negligence which dynamically concurs in producing a result such as two overspeeding cars colliding, and that type of contributory negligence which can be assigned only as the cause of preventing one from escaping the consequences of another's negligence, is a subject which I think may yield returns on proper exploration. Classes of cases where there is a negligently maintained condition—a stage set by one onto which another walks— are pointed out in the fifth, sixth and seventh categories of situations set out in the dissenting opinion in the case of *Hansen* v. *Clyde*, 89 Utah 31 at page 45, 56 P. 2d 1366 at page 1372, 104 A. L. R. 943. My positive duty to conduct myself so as not to injure another and my duty to so conduct myself as to protect myself from the consequences of another's negligence may have different contents.

The instant decision commendably departs from the severe logic of the Dalley case in order to make the law comport not with logic but with realities—a very welcome symp-

tom. The logic of the Dalley case would require that a driver blinded by lights stop until the blindness disappears. There is in logic no more reason why a man should proceed when unable to see objects because of being blinded by the lights of some other car than when unable to see them by the lights of his own car. But as stated in my dissenting opinion in *Farrell* v. *Cameron,* supra, some concession must be made to actualities. In that case the implications was that a man on his own side of the road blinded by oncoming lights was under duty to discover an oncoming person on the wrong side of the road. Of course, such law would make driving at night on much used arterials practically an impossibility.

LARSON, Justice.

I dissent. Under the rule laid down in the cases of *Nikoleropoulos* v. *Ramsey,* 61 Utah 465, 214 P. 304; *Dalley* v. *Mid-Western Dairy Products Company,* 80 Utah 331, 15 P. 2d 309; and *Hansen* v. *Clyde,* 89 Utah 31, 56 P. 2d 1366, 104 A. L. R. 943, it would seem that the ruling of the trial court was correct. The attempt to draw such fine distinctions as in the case of *Nielsen* v. *Watanabe,* 90 Utah 401, 62 P. 2d 117, and in the case at bar, seems to be a recognition that the rule in the Dalley case is not sound and therefore should be avoided, even though it requires super-refinements in reasoning and hairsplitting in logic. I think the Dalley case should be overruled, or the doctrine thereof modified so as to make possible a realistic approach to the problem. The rule prescribed by the statute that a driver upon the highway must drive at such rate of speed as to be able to stop within his range of vision, imposes upon the driver a duty to another lawfully upon, or making a lawful use of, the highway to recognize the right of the latter to make such use as he is making of the highway, and to avoid injuring him or interfering with, or endangering that use or the enjoyment thereof. When a driver interferes with the right of another in the enjoyment of his lawful rights on, and use of, the highway, he violates a duty or obligation he owes to

such other. When called to task therefor he should not be permitted to say that "by the time I could see him I was too close to stop." Thus far the rule in the Dalley case seems sound. But when one is unlawfully upon the highway, is making an unlawful use of the highway, he should not be permitted to impose upon another making a lawful use thereof the duty of protecting him in his unlawful use. To a wrongdoer the driver owes only the duty of not wilfully injuring him or his property. Since the wrongdoer is not lawfully upon the highway the driver is not charged with anticipating his presence there and is not impressed with the duty of protecting him to the same extent as he owes to one making lawful use of the highway. Such wrongdoer should therefore not be able to escape his liability by saying that the driver did not exercise toward him the same degree of care that is imposed for the protection of one lawfully upon the highway.

Thus, in the instant case, if defendants wrongfully placed upon the highway barricades without lights they should not be permitted to shield themselves from liability by the fact that the plaintiff, using the highway in a lawful manner, and being suddenly and temporarily blinded by the lights of an oncoming car, did not instantly stop when she had no reasonable cause to expect an unlawful obstruction upon the highway in front of her. As an illustration, suppose plaintiff's car was followed by another. Plaintiff's speed was such that she could stop within the distance at which her lights would reveal substantial objects on the highway. The driver behind plaintiff could stop without bumping into her car if she, as required by law, signalled her intention to stop. Such driver would have a right to rely upon receiving such signal. If plaintiff is required to stop suddenly upon being blinded by lights of an approaching car, she has no opportunity to signal and the car following crashes into her. If she stops she violates the statutory rule of the road; if she does not she violates the judicial rule of the Dalley case.

This case is here on a general demurrer to the complaint.

One test of the sufficiency of a complaint against a general demurrer may be stated thus: If the findings of fact by the court involved only the facts alleged in the complaint with no additions or variations, would such findings of fact sustain a judgment for plaintiff? If so, the complaint is good against general demurrer. If not, the complaint is bad. The Watanabe case and the prevailing opinion in this case hold the complaint to be good upon the ground that at the trial the evidence may prove and establish facts not alleged in the complaint and contrary to or modifying the facts as alleged, and thus take the case out of the rule in the Nikoleropoulos and Dalley cases. This amounts to testing a complaint against a general demurrer by the facts which plaintiff may be able to produce in evidence rather than by the allegations of his complaint. Under such rule there never could be any purpose or reason for a general demurrer. If the rule in the Dalley case be modified, as indicated above, this complaint is good against a general demurrer. Plaintiff alleges that defendants were making an unlawful use of the highway. They should not therefore under the facts as pleaded as a matter of law be permitted to set up as contributory negligence plaintiff's inability to see in time to avoid the accident.

But as long as the rule in the Dalley and the Nikoleropoulos cases stands unmodified, it should be followed. Since this court is not inclined to modify the rule of those cases, to be consistent with that rule, I must dissent from the prevailing opinion and hold the ruling of the trial court was correct.