**MARAGAKIS v. UNITED STATES**
(two cases).
Nos. 3748, 3749.

United States Court of Appeals
Tenth Circuit.
Jan. 27, 1949.

Rehearing Denied March 8, 1949.

BRATTON, Circuit Judge, dissenting.

———◆———

H. G. Metos, of Salt Lake City, Utah, for appellants.

O. K. Clay, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty. and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Nick Maragakis and Alexandra Maragakis, husband and wife, brought separate suits for damages against the United States under the Federal Tort Claims Act, as amended, 60 Stat. 842, 61 Stat. 722, 28 U.S.C.A. 921, et seq.[1]; the husband for personal injuries and damages to his automo-

---

[1] In 1948 Judicial Code, see 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

bile, and the wife for personal injuries, sustained when their automobile was struck by a United States Government station wagon, allegedly driven in a negligent and reckless manner by one of its agents. The United States denied the negligence of its agent, alleged that the accident was caused solely by the negligence of the driver of plaintiffs' automobile, and counterclaimed for damages to its station wagon. The cases were consolidated; the court absolved both plaintiffs and defendant of negligence, entered judgments of "no cause of action" in each of the suits brought by plaintiffs and on the counterclaim of the defendant. Plaintiffs have appealed, contending that the trial court erred in not finding the defendant guilty of negligence as a matter of law.

Shortly after 3 o'clock in the afternoon on November 7, 1947, plaintiffs were traveling west on paved Highway No. 50 in the state of Utah. For the purpose of removing snow from the windshield, the automobile, driven by their daughter, was brought to a stop partly on and partly off the right side of the highway, approximately 300 feet beyond a right hand curve. The highway at this point was three per cent downgrade, and was wet and slippery from ice and snow. The Government station wagon also traveling west, rounded the curve traveling approximately 20 miles per hour. The driver saw the Maragakis car immediately but thought it was moving. When, however, he realized that the car was not in motion he turned into the left lane in order to pass but just as he did so observed a truck approaching from the opposite direction, and decided that it would be dangerous to attempt to pass. He then applied his brakes and attempted to pull back into the right lane but the car started skidding. Thinking that he had sufficient room to pass the Maragakis car on the right, he then released his brakes and attempted to do so, but collided with its right rear end.

On these facts, the trial court found that the driver of the Government station wagon used due and reasonable care in the circumstances. The court further found that although appellants had stopped their vehicle partly on the highway, in the circumstances they were not negligent in doing so.

In support of their contention that the driver of the Government vehicle was negligent as a matter of law, appellants rely upon Section 57—7—122, Utah Code Annotated 1943, which provides that "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance. * * *" They also rely upon the rule announced in the early Utah cases to the effect that it is negligence as a matter of law for a person to drive an automobile upon a traveled public highway at such a rate of speed that said automobile cannot be stopped in the distance at which the operator is able to see objects upon the highway in front of him. O'Brien v. Alston, 61 Utah 368, 213 P. 791. Nikoleropoulos v. Ramsey, 61 Utah 465, 214 P. 304; Dalley v. Mid-Western Dairy Products Co., 80 Utah 331, 15 P.2d 309.

The difficulty arises in the application of this rule to situations which would have the effect of imposing a higher degree of care than an ordinary prudent person would exercise in the circumstances. In other words, actionable negligence is established by the factum of the collision.

The later Utah cases have rationalized the rule to allow an area of discretion under conditions "suddenly and unexpectedly" arising within the clear vision ahead, which with the exercise of due care the driver could not have avoided the collision. Trimble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674. See also West v. Standard Fuel Co., 81 Utah 300, 17 P.2d 292; Nielsen v. Watanabe, 90 Utah 401, 62 P.2d 117; Moss v. Christensen-Gardner, Inc., 98 Utah 253, 98 P.2d 363. The Trimble case, supra, clarifies the rule by pointing out the various circumstances under which the negligence of a driver of an automobile, charged with this standard of care, is a question of fact and not of law.

But, we are not dealing with the question whether the driver of an automobile could have stopped within the clear distance ahead. Obviously, the driver of the Government vehicle could have stopped within that distance. When he first saw

the standing vehicle he was 300 feet away and traveling 20 miles per hour.

■ The pivotal question is whether he negligently attempted to pass the standing car on the left, thereby placing himself in a position of peril from which he could not extricate himself without harm to others. If he negligently decided to pass, no amount of due care after he changed his mind and decided to stop or attempt to pass on the right would absolve him of his negligence. Shirley v. American Automobile Ins. Co., 163 Wash. 136, 300 P. 155; Smith v. Gross, 113 Pa.Super. 568, 173 A. 478. If on the other hand, his decision was not negligent, his conduct thereafter is certainly susceptible of due care, for the law does not require a non-negligent person to adopt the safest course, or use the best judgment in an emergency. Farrell v. Cameron, 98 Utah 68, 94 P.2d 1068; Allen v. Schultz, 107 Wash. 393, 181 P. 916, 6 A. L.R. 676; Ritter v. Johnson, 163 Wash. 153, 300 P. 518, 79 A.L.R. 1274; Annotation 79 A.L.R. 1277, supplemented 111 A.L.R. 1019; 5 Am.Jur. Automobiles, Sec. 171, p. 600.

■ The rule, whether statutory or decisional, which requires the driver of a vehicle overtaking another proceeding in the same direction, to pass to the left at a safe distance, imposes a high degree of care, commensurate with the circumstances involved. Ravare v. McCormick & Co., La.App., 166 So. 183; Haffner v. Cross, 116 W.Va. 562, 182 S.E. 573; Dove v. Stafford, 230 Mo.App. 241, 91 S.W.2d 161. The driver attempts to pass at his peril, and the situation facing him must be such as to reasonably assure an ordinary prudent driver that the passing can be accomplished with safety to all occupants of the road. Ravare v. McCormick & Co., supra; Thompson v. Southern Michigan Transp. Co., 261 Mich. 440, 246 N.W. 174, 177; Levesque v. Pelletier, 131 Me. 266, 161 A. 198, 202. It is said that proof of a collision with the rear of a forward moving, or standing, automobile makes out a prima facie case of negligence. Harvey v. Borg, 218 Iowa 1228, 257 N.W. 190. 2 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., § 937.

■ The driver of the Government vehicle testified that when he determined to pass to the left of the standing vehicle 200 feet away, the approaching truck was 600 feet away. Traveling 20 miles per hour he had abundant time to stop his automobile before he reached the place of peril. Instead, he elected to pull out into the left lane of traffic with the intention of passing. The highway was wet and slippery and three per cent downgrade. These circumstances coupled with his realization of danger and ultimate decision not to attempt to pass is, we think, conclusive evidence that he failed to exercise due care in placing himself in a position of peril. Cf. Allen v. Schultz, 107 Wash. 393, 181 P. 916, 6 A.L. R. 676; Madison-Smith Cadillac Co. v. Lloyd, 184 Ark. 542, 43 S.W.2d 729.

■ The trial court, of course, has the right and duty to judge and appraise human conduct and behavior as applied to factual circumstances, and we are not warranted in overturning its appraisal of the facts when judged by the applicable standard of care, unless we are convinced that its judgment is clearly erroneous. We think, however, in this case that the trial court misconceived the standard of care by which the negligence of the Government driver is to be judged, and in so doing failed to correctly appraise the facts in the light of the legal duty.

Since the trial court has found the appellants non-negligent and no appeal is taken therefrom, the question of their negligence is not open here, and we have no occasion to consider their contributory negligence as a defense to the appellee's negligence.

The case is reversed and remanded with directions to assess the damages and enter judgment accordingly.

BRATTON, Circuit Judge (dissenting).

In my opinion the facts and circumstances disclosed at the trial presented an issue of fact as to whether the driver of the station wagon was negligent. West v. Standard Fuel Co., 81 Utah 300, 17 P.2d 292; Nielsen v. Watanabe, 90 Utah 401, 62 P.2d 117; Moss v. Christensen-Gardner, Inc., 98 Utah 253, 98 P.2d 363; Trim-

396

ble v. Union Pacific Stages, 105 Utah 457, 142 P.2d 674. That issue of fact was for the trial court. The court resolved it in favor of the United States. I would affirm the judgment.